JOHN L. GILBERT, plaintiff in error, *vs.* WILLIAM A. CHERRY, defendant in error.

1. In a suit for damages for breach of an agreement to buy lands and pay for the open lands all the oats that could be raised thereon in 1874—the purchaser to sow, harvest and deliver them to the seller—the seller should not be permitted to testify to the jury that if the purchaser had complied with his contract, "I would have gotten for my land $25,000 00, could not sell it now for $15,000 00, and lost $10,000 00 by Gilbert's not complying with his contract." He might, after stating the facts on which his opinion was based, such as his experience in oat cropping, his acquaintance with this land and the cultivation thereof in oats, have given his opinion of how much oats the open land would have produced in bulk, how much per acre, how much, a good oat year, or an indifferent or a bad one, what sort of year 1874 was for oats, how much open land there was on his place, and what the price of oats was in 1874; and then the jury should have been left to estimate the damage from the facts on which he relied and which he detailed before them.

2. In such a suit, it is also error to permit the plaintiff to testify that he could have cleared $600 00 over and above expenses, in cutting and hauling wood from the land, if he had not been prevented from hauling by said contract.

3. In such a suit, when plaintiff had been permitted to testify that defendant was well acquainted with the lands sold, it was error in the court not to allow defendant to contradict such testimony, on the ground that the testimony was irrelevant, and still to refuse to strike it and rule it out as irrelevant on the motion of defendant, because he had not objected to it when offered; the effect of which was to suffer the testimony to remain as evidence before the jury, and yet not to allow it to be contradicted by other evidence. It should have been either altogether withdrawn from the jury, or the defendant should have been permitted to explain or contradict it.

4. Whilst it is true that when both the parties have equal opportunity to examine the lands bargained for, a court of equity will not relieve the purchaser on account of a misrepresentation of the seller of facts which were open to inspection, yet when a promissor to buy alleges in his equitable plea against the seller's suit for damages for breach of his written agreement to buy, that he signed the agreement hurriedly and without an examination of the land, and was induced to do so by a false and fraudulent promise of the seller to go over the land with him before a consummation of the trade by delivery of the possession of the land, and show him all of it, that one-half of the eight hundred acres was open land and fit for cultivation, and the woodland was well-timbered for rails, and that he would find it all just as he had represented it, and afterwards repeatedly promised that if he did not so find it, then the writing should be considered null and void, and that the seller utterly failed and refused to go over the land and point it out to him, and when he went himself alone, as he was forced to do by the false promise of the seller, he found the said representations untrue in respect to the rail timber, the open land, and its fitness for cultivation in oats, without great expense:

*Held*, that the allegations of fraud in procuring the promissor's signature to the agreement set out in the plea, are sufficient to make a case for equitable relief, and the equitable plea to that effect should not have been stricken on demurrer.

5. When the contract of sale was to the effect, that Cherry agreed to sell to Gilbert about eight hundred acres of land, part wood and part open, on the terms that Gilbert should sow the open lands in oats, and harvest them, and deliver them in Macon to Cherry, in consideration of which Cherry agreed to convey to Gilbert good title for the open land so cultivated, "and also for all the balance of the eight hundred acres, provided Gilbert paid him for each acre thereof the market value of the oats made on each acre of the land so cultivated, that is to say, the value of the oats so raised on an average acre of said land so sown in oats, is to be the price said Gilbert is to pay per acre for said remainder of said land; and if said Gilbert does not agree to give that price so ascertained for said land, then he has the option of sowing said land in oats for the next ensuing year, and to pay the value of said remainder of said land, ascertained as aforesaid, in the oats to be so raised and grown in the second crop year, the first crop year ending in the spring of 1874;" title in fee simple to all the lands to be made by Cherry to Gilbert on his compliance with the above, the value of the oats to be the market value thereof in Macon, the actual number of acres to be ascertained thereafter, the open lands agreed to be sown in oats to be such as "can be reasonbly prepared and put in oats, in the judgment of said Gilbert," and when this contract was dated the 4th of July, 1873, and it did not appear in the writing when the land was to be delivered to Gilbert, except inferentially, in time to sow the oats, and when it appeared from parol testimony that the lands were rented and could not be delivered until the growing crop was gathered:

Gilbert *vs.* Cherry.

*Held 1st.* That a plea alleging, in effect, that the scrivener who drew the writing had, either by mistake or by the fraud of Cherry, said scrivener being the counsel and attorney of the said Cherry, failed to set out the true contract clearly in the written agreement, which contract was to give Gilbert the option of paying for all the balance of the land, other than that sown in oats the first year, in oats raised upon the same land the second year, so as to make two crops of oats on the open land the entire price of the whole eight hundred acres, if Gilbert preferred it; and praying that the writing be reformed and corrected so as to be made to speak the true contract, is a plea which contains substantial grounds for equitable relief, and should not have been stricken.

*Held 2d.* That a plea alleging, in effect, that the land bargained was encumbered by a large mortgage, not known at the time he signed the written agreement to defendant, for money borrowed by the plaintiff, which mortgage is still unpaid, and that plaintiff, Cherry, had deceived Gilbert, the defendant, by inducing him to believe, at the time he signed the agreement, that the land was free from encumbrance and that he could make good fee simple title thereto, and that plaintiff was then and is still greatly embarrassed and suits for large sums are pending against him in both the federal and state courts, and that Cherry could not have made Gilbert good title to the land, if Gilbert had taken possession thereof, and sowed, reaped and delivered the oats, is also a plea which contains substantial grounds for equitable relief, and should not have been stricken.

*Held 3d.* That the entire contract is not an actual sale of the land, consummated by the delivery of possession and executed either by deed or bond for titles, but an agreement to sell in consideration of certain things to be done by the vendee in the future, involving, necessarily, risk and expense on his part, which he was to incur as a condition precedent to the acquisition of any title to any part of the lands agreed to be sold, uncertain and speculative in character and consideration, unusual and ambiguous in stipulations and terms, and eminently proper to be be explained by parol evidence of surrounding circumstances in respect to the true intention of the parties; and any misrepresentation or concealment of one party, or failure to do what was agreed to be done if the other would sign the agreement, should be closely scanned by a court of equity, and if the facts proved fraud or deceit, in the opinion of the jury, in the procurement of the signature to the writing, it should be set aside as wholly null and void, or reformed so as to speak the true contract agreed upon.

*Held 4th.* That if the jury should believe that defendant, without sufficient cause, arising from the misrepresentation, or concealment, or fraud of the plaintiff, failed to perform his part of the contract, then neither the failure to rent the land, nor the speculative profits thereof, nor of " the wood crop" which might have been cleared thereon, should enter into the measure of damages for his breach of the contract; but the true measure thereof for the failure to buy, would be the difference between the value of the land at the price agreed upon, to be ascertained from the true intent and mean-

ing of the written agreement to buy, and the depreciated value at the time that the contract to buy was broken, and notice thereof given to the seller, so that the seller could have sold to another.

Contracts. Vendor and purchaser. Fraud. Equity. Practice in the superior court. Damages. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1875.

The following, taken in connection with the above headnotes, sufficiently reports this case :

Cherry brought case against Gilbert for failure to comply with the following written contract:

"GEORGIA—BIBB COUNTY.

"The undersigned have this day entered into the following agreement: William A. Cherry agrees to sell J. L. Gilbert his plantation, consisting of about eight hundred acres, part in woods and part in open land, situate in Bibb county, between one and four miles from Macon, and being lands bought by said Cherry from the estate of Job Taylor, Robert B. Washington, John Boston, M. E. Rylander, Asa Holt, M. S. Thomson, A. Dutenhoffer, known as swamp or. river land on the following terms: Mr. Gilbert is to sow all the open lands mentioned in oats, at the usual time of sowing among farmers, and to take the usual pains to make a crop, and when the crop of oats is made the said Gilbert is to have them harvested at the usual harvest time of harvesting oats, and to bale and deliver the same, at his expense, to said Cherry, in the city of Macon; in consideration of which the said Cherry agrees to convey to said Gilbert good titles to and for the part of the land which was so cultivated, and also for all the balance of the said eight hundred acres, provided said Gilbert pays him for each acre of the said balance of the said land the market value of the oats made on each acre of the land so cultivated, that is to say, the value of the oats so raised on an average acre of said land so sown in oats is to be the price said Gilbert is to pay per acre for said remainder of said land; and if said Gilbert does not agree to give that price so ascertained for said land, then he has the option of sowing said land in oats for the next

Gilbert *vs.* Cherry.

ensuing year, and to pay the value of said remainder of said land as ascertained as aforesaid in the oats to be so raised and grown in the second crop year, the first crop year ending in the spring of 1874. Upon the reasonable compliance with all these stipulations the said Cherry is to execute to said Gilbert or his assigns title in fee simple to and for all of said lands. The value of the said crop of oats is to be the market value thereof when duly delivered by said Gilbert to said Cherry, after they are harvested as above provided. The said lands are supposed to be about eight hundred acres, but the actual number of acres can hereafter be ascertained. The open lands herein agreed to be sown in oats are such as can be reasonably prepared and put in oats in the judgment of said Gilbert.

" Witness our hands and seals, this 4th day of July, A. D., 1873.        (Signed)        " W. A. CHERRY,
                                "JOHN L. GILBERT.
"R. S. LANIER, *Notary Public.*"

The defendant, besides the general issue, filed a number of equitable pleas, which were substantially as follows: 1st. Fraud on the part of plaintiff in procuring defendant's signature to the above agreement. 2d. That said agreement, either through fraud or mistake on the part of the scrivener, did not properly express the contract which the parties thereto intended to make. 3d. Failure of consideration, in that the land in controversy was heavily mortgaged, and plaintiff could not give fee simple title thereto.

On motion of plaintiff's counsel all of these equitable pleas were stricken.

The jury found for the plaintiff $2,250 00. Defendant moved for a new trial on the following among other grounds:

1st. Because the court erred in allowing plaintiff (over defendant's objection) to testify that if the contract had been consummated he would have received $25,000 00 for the land, that it was not now worth $15,000 00, and he had therefore lost $10,000 00 by defendant's non-compliance with said contract; and further, that he could have made $600 00 by

Cherry *vs.* Gilbert.

hauling wood from the land, had he not been debarred from so doing by the agreement.

2d. Because the court erred in striking defendant's pleas.

3d. Because the court refused either to admit defendant's testimony to contradict a statement made by plaintiff that defendant was well acquainted with the land, or to strike such statement from the evidence, ruling that both were irrelevant, but the objection to plaintiff's statement was too late after its admission in evidence.

4th. Because the court refused to allow defendant to testify as to the circumstances under which the written agreement was signed, holding that there was no ambiguity therein, and parol evidence was inadmissible to vary its meaning.

5th. Because the court charged that the jury might find an aggregate of damages resulting from the depreciation in price of the land, the loss of opportunity to rent it or use it advantageously, and damage to " the wood crop," provided each of these was shown from the evidence.

The motion was overruled, and defendant excepted.

R. W. JEMISON ; RUTHERFORD & RUTHERFORD, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

JACKSON, Judge.

The facts of this case and the ruling of the court thereon, are sufficiently expressed in the head-notes to be understood, if the reporter will append the full written contract and the pleadings ; and further elaboration is deemed unnecessary.

Judgment reversed.