Hall, J.
1. Where the owner of a hotel leased it for a term of years, and covenanted to keep it in tenantable condition during the term, and bound the lessee not to make changes or alterations in the building or premises without the lessor’s consent, and the contract inhibited him from making repairs at the lessor’s expense without first obtaining his consent, but he was bound to “keep the hotel open and in good, first rate style,” if the lessor failed to keep its covenant to repair, and the building and premises fell into a ruinous condition, and a large *300 portion of the building was suffered to become unfit for comfortable occupancy, the lessee could recoup, against suits for the rent, such damages as were traceable solely to a breach of the contract, such as profits which would be its immediate fruits and were independent of any collateral enterprise entered inio in contemplation of the same ; or, under these limitations, he might recover them, although remote or consequential, provided they were capable of exact computation. Code, §2944.
(a) Damages which are the legal and natural result of the act done, though to some extent contingent, are not too remote to be recovered, especially where they are such as may be fairly and reasonably considered as arising either naturally from a breach of the contract itself, or as may reasonably be supposed to have been in contemplation of both the parties at the time they entered into the contract as the probable result of a breach of it. Code, §3073; 9 Exch. 341, 354; .74 Ga., 518, 522.
(b) The charge of the court does not appear to have been intended to contravene these rules, but they are not distinctly set forth and appositely applied to the circumstances in proof, unmixed with matters somewhat irrelevant and calculated perhaps to confuse, if not to mislead, the jury.
2. While the loss of a contract by which the lessee sublet the hotel does not enter properly into the measure of damages resulting from a breach of the contract between the lessor and lessee, it being a collateral undertaking which the parties cannot be presumed to have contemplated when they made the contract, yet the matter should have been entirely withdrawn from the consideration of the jury, and they should not have been charged upon the subject, as set out in the nineteenth ground of the motion for new trial. Such a charge could not assist and might have misled the jury; especially does this appear, as the verdict for the plaintiff exceeded the amount claimed and a portion of it was written off before it was reduced by the amount of damages allowed to the defendant.
3. It would have been better to have omitted from the charge all allusion to the several remedies open to the lessee for a violation of the covenant to keep in repair, and to have confided the instructions to the issue by the defense set up in the pleadings. With others, which might have been taken, the jury had nothing todo; although the propositions laid down may have been abstractly correct.
4. Where, during a portion of the term, .the hotel was occupied by subtenants of the lessee, it was admissible, with a view to showing the condition of the premises at that time, to prove that applications were made for rooms, and, after inspecting them, the parties desiring to be *301 •■come occupants rejected them because they were out of repair. So of testimony going to show the reputation of the house with the traveling public and the refusal of parties to patronize or stop at the hotel because it was not in a tenantabie condition. So likewise of proof offered to show that a man, taking charge of the hotel in the condition in which it was, and ha\ing everything to furnish and the labor to employ, could not run it profitably.
Bacon & Rutherford, for plaintiff in error.
W. Dessau ; G. W. Gustin, for defendant.
(a) In order to ascertain the cause of the complaints made by ■guests, it was admissible to show what they said while at the house or after leaving it.
P. While the opinion of witnesses, although experts, as to the ■amount of the lessee’s losses; without the facts on which .such opinions are founded, will not serve as a basis of recovery, yet, on the other hand, to restrict the rule to an exact computation of the profits which the lessee has lost by reason of a breach of covenant, would, in a large ■measure, deprive him of an effective remedy to secure his rights.
Too rigid an application of the rules of evidence would render the stipulations designed for his protectron nugatory. Particular circumstances have been allowed to vary the application of these rules in order to render them effective in reaching ends they were designed to secure. Therefore, the lessee cannot be' expected to hunt .up every person w! o left the hotel or was deterred from coming to it on account of the uncomfortable condition of the building and rooms resulting from the w.:int of necessary repairs to render them comfortable and habitable. He can only show generally these and other facts which will enable the jury to approximate his losses. 57 Ga., 128.
Judgment reversed.