BRANTLEY *v.* MAYO, trustee.

A bill in equity filed before the civil procedure act, alleged that the complainant made a contract of lease with M. for five years; that he was to build her a house on the land but failed to do so, and at his request she built the house at an expense of $100, but on this account she was thrown behind in her crop and thereby damaged; that she was to have pasture for her cows; that M. died, and his father as trustee sued out a distress warrant against her

husband for the rent after she had tendered it to him, and a warrant to dispossess her husband and manager, and evicted him; and that by reason of such eviction she was compelled to leave the place and rent another, whereby she was damaged.  *Held:*

1.  Such allegations were sufficient for recovery of damages for breach of the contract.
2. A demurrer on the ground of a common law remedy not made until after the first term, was too late.

June 2, 1890.

Equity.  Damages.  Contracts.  Practice.  Before Judge BOWER.  Dougherty superior court.  October term, 1889.

Reported in the decision.

H. MORGAN and C. B. WOOTEN, for plaintiff.

D. H. POPE, for defendant.

SIMMONS, Justice.

We think the court erred in dismissing this bill at the trial term on the ground that no cause of action was set out therein.  Leaving out of consideration the prayer for specific performance, we think the allegations in the bill were sufficient to enable the plaintiff to recover damages for breach of the contract.  She alleges that she made a contract of lease with Zach. Mayo, whereby the land was leased to her for five years; that he was to build her a house on the land, but failed to do it, and that at his request she built the house, at an expense of $100; and that on account of having to build this house, she was "throwed behind in her crop," and was injured and damaged thereby.  She alleges further that she was to have a pasture for her cows on that place for five years, and that Crawford Mayo, the present trustee, sued out a distress warrant against her husband for the rent after she had tendered it to him, and a warrant to dispossess her husband, and evicted him from the premises; and that by reason of her husband and manager being evicted, she also was compelled to leave the premises and rent another place, whereby

she was greatly damaged. She also sets out other items of damage, which need not be mentioned here, those mentioned being sufficient to warrant a recovery, if true. It may be argued, however, that this was a bill in equity filed before the "civil procedure act," and that under the old equity practice she ought to have instituted her suit on the common law side of the court for these damages, and that the court was right in dismissing her bill for this reason. This would be true if she had been met with a demurrer at the first term of the court, on the ground that she had a common law remedy; but there being no demurrer at the first term, and the defendant having waited for the trial term and allowed the plaintiff to go to the expense and trouble of preparing for a trial, it was then too late, under the equity practice in this State, to move to dismiss the bill on the ground that there was a common law remedy. In the case of *Patterson* v. *Turner*, 62 *Ga.* 677, the court says: "As the superior court has both legal and equitable jurisdiction, and as it makes no difference on which side of the court a plaintiff proceeds for an equitable cause of action, so it has been held and is now settled, it makes no difference on which side he proceeds for a legal cause of action unless he is met by a demurrer. If the defendant suffers the bill to proceed to a hearing, and the delay and expense of preparation for trial to be incurred, not demurring when he ought to have demurred, he is understood to waive his strict legal right to litigate the merits on the law side of the superior court rather than the equity side. The jurisdiction is not defective in a sense which forbids waiver, for the same physical, corporeal tribunal administers justice on both sides of the superior court—the same judge and juries; and when in session, the court is always open both as a court of law and a court of equity." See also *Ballin & Co.* v. *Ferst & Co.*, 55 *Ga.* 553; *May* v. *Goodwin*, 27 *Ga.* 352.                  *Judgment reversed.*