5270. WHITEHURST & HILLIARD *v.* BRICE & CO.

1. The defendants are not entitled to complain of error in the charge of the court as to the defense on which their counterclaim was based, since it appears, from the amount of the verdict, that the jury found in favor of their defense, though not allowing the full amount of the counterclaim, the evidence as to the amount to which they were entitled being conflicting and not requiring a finding for more than the sum allowed.

2. The refusal of a continuance was not error, it not appearing. what the absent witness was expected to prove, or that the witness had been subpœnaed.

3. A partner may in behalf of the partnership transfer in writing choses in action belonging to the firm.

DECIDED JANUARY 20, 1914.

Trover; from city court of Nashville—Judge Cranford presiding. August 30, 1913.

*Hendricks & Hendricks,* for plaintiff in error.

*Knight, Chastain & Gaskins,* contra.

RUSSELL, C. J. Brice & Company brought trover against Whitehurst & Hilliard for a sawmill outfit and certain mules and wagons,

14

and appurtenances, which they alleged had been converted by and were in the possession of the defendants. Whitehurst & Hilliard, in their answer, admitted that they were or had been in possession of the property described in the petition, and alleged that they bought it from R. Q. Whittle, who had previously bought it from the plaintiffs, as appeared from a bill of sale with retention of title, which had been duly recorded, and that they bought the property from Whittle upon an agreement with the plaintiffs that the defendants were to assume Whittle's indebtedness to the plaintiffs, and to be subrogated to all of Whittle's rights as the original purchaser. The defendants admitted in the answer that they owed the plaintiffs $300, and alleged their readiness to pay that amount; though, in another part of the plea it was alleged that the defendants lost $350 by reason of the foreclosure of a mortgage by one Love Felton upon two of the mules described in the bill of sale, because this mortgage was a paramount, superior lien upon the property of one Burge, from whom the mules were purchased; and the defendants asked that a judgment of $350 be rendered in their favor, that being the agreed price at which the mules were purchased by them from Whittle. The answer alleged also that they paid Brice & Company $275, in pursuance of the terms of the contract between all the parties, by which they assumed the contract of Whittle, and Brice & Company warranted title to them, instead of to Whittle. On the trial the plaintiffs elected to take a money verdict; and the bill of sale with retention of title, executed by Whittle to Brice & Company, and six notes for $100 each, executed by Whittle to Brice & Company, all of which had been transferred by Brice & Company to Whitehurst & Hilliard without recourse, were put in evidence. The transfer upon the bill of sale was as follows: "For value received we hereby transfer the within contract, with all our rights, title and interest, to Whitehurst & Hilliard, without recourse on us. [Signed] J. E. Brice & Co." The transfer upon each note was as follows: "This note transferred to Whitehurst & Hilliard without recourse on us. [Signed] J. E. Brice & Co."

There was evidence in behalf of the plaintiffs that the amount represented by the notes, to wit, $600, was the amount unpaid on the stock and mill, and that there had been a demand for the property and a refusal of delivery. The plaintiffs denied that they had

ever consented to or acquiesced in the assumption by Whitehurst & Hilliard of Whittle's contract, while the defendants introduced testimony fully supporting the allegations of their answer upon this branch of the case. There was conflict in the testimony as to the amount of the loss resulting to Whitehurst & Hilliard by reason of the sale of the mules under the foreclosure of Felton's mortgage. The defendants contended that the mules taken from their possession by the mortgage foreclosure were purchased at the price of $350, and were worth that amount. The plaintiffs testified that the mules were worth only $180. There was evidence in behalf of the defendants that they notified Brice & Company of the mortgage foreclosure and requested them to protect their warranty of title. This was denied by the plaintiffs; though it was admitted by each of the parties that neither did anything to stop the sale. It appears that the mortgage fi. fa. of Felton was dated February 5, 1907, and was for $69.60 principal, $15.60 interest, $8.52 attorney's fees, and costs. The contract signed by Whittle, to which previous reference has been made, was recorded May 30, 1906. It does not appear whether Felton's mortgage, if ever recorded, had been filed for record prior to the record of the bill of sale; nor does the tenor of the mortgage appear from the record. The jury returned a verdict in favor of the plaintiffs, for $400 principal and $196 interest. Error is assigned upon the refusal of the judge to grant a new trial.

1. When this case was here before (*Brice* v. *Whitehurst*, 8 *Ga. App.* 291, 68 S. E. 1075), the decision was confined to the exercise of the discretion of the trial judge upon the first grant of a new trial, and to an explanation of this court's ruling upon that point. On the trial then under review there was a finding in favor of the plaintiffs for the full amount of their contention, without any deduction for the counterclaim of the defendants. On the trial now under review the jury found a verdict in favor of the plaintiffs, but it is evident that they sustained the defendants' contention that they were entitled to recover for a breach of the plaintiffs' warranty of title; for the verdict in behalf of the plaintiffs was only for $400 principal, with interest, instead of $600 as upon the former trial. The defendants, in their plea, admitted an indebtedness upon the purchase-price evidenced by the six promissory notes which reserved title in the personalty which was the subject-matter of the action

in trover, but alleged that they lost $300 by reason of the fact that two of the mules, the title to which had been warranted by the plaintiffs in their bill of sale to Whittle, were subject to a paramount outstanding lien. The defendants admitted an indebtedness of $300 upon the notes, while the plaintiffs claimed that $600 should be the amount returned in their favor as a money verdict, in lieu of the recovery of the property. Since the alternative verdict in favor of the plaintiffs is only for $400, it is evident that the jury found in favor of the defendants' contention that there had been a breach of the plaintiffs' warranty of title, though they found that the resultant damages were only $200, instead of $300 as claimed by the defendant. And this view of the case is authorized by the evidence in the record. It is true that the evidence as to the value of the mules sold under the mortgage of Love Felton, as adduced in behalf of the defendants, would have fixed the defendants' claim for damages at $350, and would have entitled the plaintiffs to recover only $250, as insisted by counsel for plaintiffs in error. But in behalf of the plaintiffs there was testimony that one of the mules was worth $100, and the other only $80. As to the amount of the loss sustained by the defendants, as a result of the breach of warranty, the jury were the exclusive judges, and since the verdict fully supports the contention of the defendants that there was a breach which resulted in damages, the defendants can not be heard to complain of any of the alleged errors in the charge of the court relating to their claim for damages. Damages were allowed them and their plea sustained, and the fact that the plaintiffs' demand was not as greatly reduced as the defendants insisted it should be is plainly due to the fact that the jury preferred the testimony of the witness in behalf of the plaintiffs, as to the value of the mules sold under Felton's mortgage foreclosure, rather than the testimony of the witnesses in behalf of the defendants upon the subject of their value. The defendants can not complain of error in the presentation of their defense, where it plainly appears that their contentions were sustained in the verdict rendered, merely because it also appears that upon conflicting evidence the jury were not required to return the exact amount of the defendants' counterclaim, though the jury did find in their favor a smaller amount which was authorized by the evidence.

2. The court did not err in overruling the motion for a continuance, because no statement was made as to what was expected to be shown by the absent witness; nor does it appear from the record that the witness had been subpœnaed. According to the note of the presiding judge, the court did not require the defendants to introduce the testimony of any absent witness upon the previous trial, but, in ruling upon the motion for a continuance, merely suggested (we think quite properly) that he would permit testimony which had been introduced upon the previous trial to be used. Certainly there is nothing in the record to show that the defendants objected to the introduction of the testimony of any absent witness, or that they declined to avail themselves of the suggestion of the court.

3. When the case was here before we held that "where a vendor sells personal property, reserving title to secure the purchase-price, and the vendee, with the vendor's consent, sells the property to a third person, who assumes the payment of the balance of the purchase-price to the original vendor, the latter can not recover in trover the property from the third person without offering to put him in statu quo." 8 *Ga. App.* 291. Upon the trial now under review it appeared from the record that both the bill of sale and the six promissory notes were duly transferred to Whitehurst & Hilliard, and Brice & Company were thus entitled to proceed in trover. The point is made that there was no proper transfer, because the assignment was signed, "J. E. Brice & Co.," and not executed by the individuals composing that partnership. It appears that the assignment was executed by one of the partners, and it is well settled that any member of a partnership may in its behalf transfer in writing choses in action belonging to the firm.

It was not necessary for the plaintiffs to allow the defendants the purchase-price of the mules, in order to maintain the action; for the defendants had admitted that the original amount of the debt was as evidenced by the notes which were duly transferred to them, and the value of the mules was in dispute. It may be necessary that the transfer of notes and of a conditional bill of sale retaining title to personal property which it is sought to recover by trover should be executed before the beginning of the action; but even if this is true, the defendants did not raise this point upon the trial.

4. In our view of the matter, all the evidence as to what was done by either the plaintiffs or the defendants in regard to protecting the title to the two mules which were sold under Felton's mortgage, was irrelevant and immaterial, but it does not appear that the admission of this testimony was prejudicial to the defendants. Brice & Company, in selling the property to Whittle, warranted the title, and if Whittle had kept the property, what was done by either party would have been immaterial. If Whittle had been compelled to surrender the property to an outstanding lien, Brice & Company would have been bound to make good his loss, whatever it was. If, as contended by the defendants, Whitehurst & Hilliard, they in fact obtained the property from Whittle under an agreement with Brice & Company as well as with Whittle, that they would be subrogated to Whittle's rights under his contract with Brice & Company, then, upon a breach of Brice & Company's warranty, Whitehurst & Hilliard would be entitled to recover from Brice & Company the amount of loss sustained by Whitehurst & Hilliard, whatever it might be. If Whitehurst & Hilliard bought from Whittle without any agreement or undertaking on the part of Brice & Company that Whitehurst & Hilliard would be subrogated to the rights of Whittle, then, even though there was a breach of Brice & Company's warranty of title, Whitehurst & Hilliard would be compelled to look to Whittle, from whom they purchased, and could not recover from Brice & Company any loss they might have sustained by reason of the mortgage sale, because there was then no contractual relation between them and Brice & Company. The evidence for the plaintiffs was to the effect that they did not agree to a substitution of Whitehurst & Hilliard in place of Whittle, to whom they originally sold the property, but that on the contrary they had already placed the notes in the bank, and it was immaterial to them by whom they were paid. If the jury had sustained this contention an alternative recovery in favor of the plaintiffs for the full amount of the notes would have resulted. It is evident from the verdict that the jury found, as contended by the defendants, that Brice & Company accepted Whitehurst & Hilliard as paymasters, instead of Whittle, and that regardless of what was done by either party toward preventing the sale of the mules under Felton's foreclosure of mortgage, a breach of Brice & Company's warranty had ensued, imposing upon them liability to Whitehurst

& Hilliard for the consequent loss. We have already referred to the fact that the jury were authorized, under one view of the evidence, to reduce the amount of this loss below the sum claimed by the defendants; and under the evidence that the mortgage amounted only to $69 principal, it is evident that even if the jury had found the value of the mules to be $350, a larger finding in favor of the plaintiffs might have been returned; so that the statement of counsel for the plaintiffs in error that only two verdicts could have been returned,—one for $600, interest, and costs, and one for $250, is not supported by the record.

5. In view of what has already been stated, it would be profitless to deal with the various assignments of error upon excerpts from the charge of the court, dismembered from their contexts. The plaintiffs in error can not maintain the assignment of error presented, even if the charge of the court upon the subject of outstanding paramount title is not absolutely correct, for the evidence does not affirmatively show that the mortgage of Felton, to which the two mules were subjected, had been so recorded as to entitle it to priority. It is apparent from the verdict rendered that any errors in the charge appearing in the record were immaterial, and did not prejudice the losing party.                  *Judgment affirmed.*