Townsend vs. Stoddard & Co.

WILLIAM S. TOWNSEND, plaintiff in error, vs. E. B. STODDARD & Co. defendants in error.

1. A Sheriff, in not taking bail under process in his hands requiring it, and making no reply to a rule to make him and sureties special bail, should, with his sureties, be held bound as special trial.

2. Declaration amendable being substantially correct; process calling party to wrong day, also amendable if defendant appeared at the time fixed on for the Court and moved in the case.

Complaint and Bail. In whitfield Superior Court. Decision by Judge TRIPPE, at April Term, 1858.

E. B. Stoddard & Co. sued out bail process against William S. Townsend, returnable to April Term, 1858, of Whitfield Superior Court.

At the term to which the writ was returnable, counsel for Stoddard & Co. moved that the Sheriff and his securities "be deemed and stand as special bail," he having failed to take bonds for defendant's appearance as required by law in such cases.

Counsel for defendants resisted this motion, and moved that plaintiff's action be dismissed on the grounds:

1st. Because no sufficient cause of action is set forth in plaintiff's declaration.

2d. Because the defendant is required by the process to appear at the Superior Court to be held in and for said county on the *second Monday* in April, when the time fixed by law for holding said Court is on the *fourth Monday* in April.

The Court refused to dismiss the plaintiff's action, but allowed them to amend the declaration and process, and granted the motion making the Sheriff and his securities special bail.

To which decisions counsel for defendants excepted.

WM. F. MOORE, for plaintiff in error.

HARDEN & TAYLOR; and SPRAYBERRY, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

[1.] The Sheriff showed no cause against the rule to make him and his sureties special bail for the defendant, and having been in default in this respect, as appears by the recital in the order absolute making them special bail.

[2.] In regard to the motion to amend the declaration and process, it is sufficient to say that they were both amendable by statute.

The time of holding the Court had been but recently changed when the process was issued, and the Acts had not been published; yet, as the Legislature had made no provision for process issued during the time intervening the passing of the Act and its publication, it must be considered that the defendant was required, by the process, to appear at a time different from that fixed by the law. But he appeared at the legal time of holding the Court, and at which the process ought to have required him to appear, and actually by his counsel moved in the cause. The Court heard his motion and decided upon and ordered both declaration and process to be amended. The decision is in harmony with the spirit of the statute of amendments, and the defendant is in no manner prejudiced by it. In fact, his appearance| was a waiver of defects and errors in the process calling him to the Court.

Judgment affirmed.