Blalock *vs.* Tidwell.

---

JESSE L. BLALOCK, plaintiff in error, *vs.* M. M. TIDWELL, executor, defendant in error.

1. Judgment rendered in 1874, in a suit commenced in 1856, cannot be set aside for a clerical mistake in the process, the original defendant having appeared at the first term after the declaration was filed and pleaded to the merits of the action; his executor, on being made a party, having also pleaded to the merits; and no suggestion of any defect in the process having been made until after verdict and judgment, eighteen years posterior to the first appearance and plea.

2. Even before the adoption of the Code, appearance and pleading to the merits waived *service*.

Judgments.  Waiver.  Pleadings.  Service.  Process.  Before Judge BUCHANAN.  Fayette Superior Court.  August Term, 1875.

Reported in the opinion.

J. L. BLALOCK; DORSEY & BRADY, by B. F. LONGLEY, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

The declaration was filed on August 26th, 1856. The clerk issued process returnable to the superior court to be held "on the third Monday in September next," and dated it September 27th, 1856. No return of service was made by the sheriff, and there was no acknowledgment or written waiver of service. At September term, 1856, the defendant appeared by attorney and pleaded the general issue. He died, and his executor was made a party. The executor appeared and pleaded the general issue, and a special plea to the action. At August term, 1874, a verdict was rendered for the plaintiff, and judgment thereon was duly entered up and signed. After all this, the executor moved the court to set aside and vacate the judgment, on the ground that the process bore date on the 27th of September, 1856, and required the defendant to appear at the superior court to be held " on the third Monday in September next;" and on the ground that there was no return, acknowledgment or waiver of service. The court granted the motion, at August term, 1875, and passed an order setting aside and vacating the judgment.

1. The early rulings of this court on the subject of process were very strict : See 6 *Georgia Reports*, 44 ; 13 *Ibid.*, 217 ; 16 *Ibid.*, 194 ; 17 *Ibid.*, 67 ; 20 *Ibid.*, 225, 398. Looking back upon them, some of the judges doubted whether they were not overstrict; 22 *Georgia Reports*, 358 ; 27 *Ibid.*, 263. The amendment act of 1853–4, most probably had some influence in softening the construction, or rather the application of the act of 1799. In *Irwin vs. McKee*, 25 *Georgia Reports*, 646, the head-note is, " Too late to object to process after party has appeared, confessed judgment, and en-

tered an ·appeal." That case was very similar .to the present. In it the process was dated April 1st, 1856, and required appearance " on the third Monday in April next." The defendant, having confessed judgment and entered an appeal, moved, on the appeal trial, to dismiss the cause on account of defect in the process. The motion was denied. In affirming the judgment, Judge McDONALD, speaking for the court, said: " The process was amendable by statute; but if it had not been, it had the effect of all process, for the defendant appeared and defended."·

In *Townsend vs. Stoddard*, 26 *Georgia Reports*, 430, the head-note reads thus : " Declaration amendable, being substantially correct; process calling party to wrong day, also amendable if defendant appeared at the time fixed on for the court and moved in the case." The process required appearance on the *second* Monday in April, when the time fixed by law for holding the court was the fourth Monday. .There was also some defect in the declaration, and the court allowed both to be amended. In the opinion delivered by Judge McDONALD, he said they were both amendable by statute, and that the defendant's appearance (he having made a motion in the cause as well as appeared) was a waiver of defects and errors in the process calling him to the court. ·

Upon the authority of these two cases we think we are well warranted in holding that the motion to set aside the judgment in the case at bar ought to have been denied. The original defendant appeared and pleaded at September term, 1856. It is clear enough that that was the term to which the process was meant to be returnable. The mistake, doubtless, was made in dating the process, the word "September" having been written in place of the word "August." Besides, the case remained in court until long after the full day-light of amendment had dawned upon our law by the adoption of the Code; and it would be strikingly out of harmony with the times if a case tried in 1874, after eighteen years of lingering or of litigation, had to go down and be forever lost because of a trivial defect in the process. As Judge LUMPKIN said in

*Tatum vs. Allison*, 31 *Georgia Reports*, 337, "the time for such trifling is past."

2. The ground of the motion which attacks the proceeding for want of formal service, is clearly insufficient. There was double the appearance and pleading requisite to supply the place of service: 11 *Georgia Reports*, 20; 13 *Ibid.*, 217; 14 *Ibid.*, 587.

Judgment reversed.