## LOWE, guardian, *vs.* BURKETT.

Process returnable to the April term, 1873, of Twiggs superior court, was served fourteen days before the beginning of the term. The names of counsel were marked on the bench docket as appearing for the defendant, and the following entries were made by the presiding judge: "Oct. adj., 1873, appearance term of term. April, T., 1874, put to heel. Oct. T., 1874, judgt." The judgment was by default:

*Held*, that under the facts of this case, the defect in the service was waived, and a levy founded on the judgment so rendered should not be dismissed on the ground that it was void.

Service. Waiver. Judgments. Before Judge PATE. Twiggs Superior Court. March Term, 1880.

Reported in the decision.

LANIER & ANDERSON; HILL & HARRIS; J. T. GLOVER, by brief, for plaintiff in error.

JNO. RUTHERFORD ; BACON & RUTHERFORD, by L. & H. COBB, for defendant.

JACKSON, Chief Justice.

Lowe as guardian levied a *fi. fa.* on a tract of land as the property of Burkett. It was claimed by Mrs. Burkett. The original declaration having been put in evidence, showed by the sheriff's entry thereon, that the defendant, Burkett, had been served only fourteen days, instead of fifteen days before court. It further appeared from the bench docket that the names of counsel were marked for defendant, and the following entries were made in the handwriting of Judge B. Hill, then judge of the court, "Oct. adj., 1873, appearance term of term. April T., 1874, put to heel. Oct. T., 1874, judgt." The case was made returnable to April term, 1873, and fourteen days before that term the defendant was served. On these facts, on motion of counsel for claimant, the

court dismissed the levy, and this is the error assigned.

The defendant should undoubtedly have been served fifteen days before the term of the court to which the writ was returnable. 57 *Ga.*, 244. The sole question is, did the service only fourteen days before court make the proceeding void so as not to be cured by the judgment after a delay of two terms, under the facts disclosed by the bench docket?

It will be observed that the process is all right, and the only defect is that the service was one day less than is required. The objection is not to the process, but to the service, and that had the effect of bringing into court the defendant by his counsel—Hall & Poe, and J. H. Jones. It also seems to have had the effect of delaying the cause from April term, 1873, to November term, 1874, before judgment was rendered against him.

It is true that this court did hold, that when a justice of the peace held a court not at stated times fixed by law, but for the trial of a special case, it must be held strictly twenty days after the summons, or the whole proceeding would be void. 59 *Ga.*, 532. But that is because there was no legal justice court to try that case on any day before the twenty days had expired.

It is true also that in *Dugan vs. McGlaun*, in 60 *Ga.*, 353, the question is put whether a judgment in the superior court with but fourteen days' service is not void, but it is not so ruled, and that case went off on the other ground therein set out.

The superior court had jurisdiction of the subject matter of this suit at the April term, 1873, and the preceding terms; it had issued legal process, properly directed, to have this defendant served; he was served, and the only defect is that he was served one day too late. Yet he did have notice and appeared by counsel, and they seem to have so managed his case as to make the October adjourned term, six months after the April term, 1873, the appearance term of the court, to have the case

put to the heel at the next term, and then continued to the next term, when judgment was rendered against him. So that he was really served more than eighteen months before judgment on a plain note, to the payment of which he made no issuable defense on oath. The process is legal, the service is defective, but is it absolutely void? Had a motion been made at the April term, 1873, to dismiss the case, would it have been dismissed, or would time have been granted to perfect service, or to make the next the appearance term, the defendant being in court by his counsel? We think that the dismissal of the suit would hardly have been ordered, but that the fault being in the sheriff and not the party, time would have been given to perfect service, if the defendant was not present by counsel; but if he was so present, the next term would have been considered the appearance term ; and so Judge Hill seems to have directed from his bench docket entries. It is true that the minutes should have so spoken, or there should have been evidence of record of that order ; but that defect could be cured perhaps by an order to perfect or amend the record, or to put on the minutes the judgment making the next term the appearance term of the cause. Code, §§206, sub. sec. 6, 3499, 3500. The last section declares that no fixed rule can be laid down on this subject of amending records ; and there must be a wide discretion in the court ; but it will be exercised "in all cases where such amendment will be in furtherance of justice." It would seem from this record that this is one of those cases.

Could this judgment have been arrested by this defendant at the term it was rendered, or could it have been set aside at his instance afterwards in the light of the entries on the judge's docket? We hardly think so. Code, §3590. Does this claimant occupy a stronger position than the defendant ? She is no creditor nor *bona fide* purchaser so far as this record shows. Code, §3596. Appearance and pleading would certainly have waived both process and

Lowe, guardian, *vs.* Burkett.

service. Code, §3335. By the Code, too, the answering to a case is equivalent to a plea of the general issue. Code, §3458.

It is true, that in 58 *Ga.*, 417, Judge BLECKLEY says it is hardly such pleading as works waiver of *process* and service; but he adds that no definite ruling is made on the point—even if process as well as service was defective, and that case turned on a motion to dismiss made by sureties at the second term on a joint debt, not joint and several, where the principal, the deputy sheriff, did not appear, and where the process was void because directed to the sheriff, who was the plaintiff. No legal excuse was rendered why the principal, the deputy sheriff, had not been legally served, or why legal process had not been issued against him. At the instance of the sureties that case was dismissed; but it is not this case or like it at all. The truth is, that the object of process and service is to bring the defendant into court by himself or counsel representing him, and when that is done they have accomplished the objects of the law. 58 *Ga.*, 504; 25 *Ga.*, 646; 26 *Ga.*, 430; 56 *Ga.*, 517; 31 *Ga.*, 337.

This service and notice of this declaration brought this defendant into court by counsel. Their names would not have been entered for him without his authority. They are too well known to suspect such a thing; and the law presumes that they were employed. Code, §413.

On a careful consideration of the entire law bearing on the case, so far as we have been enabled to examine it, we conclude that the process in this cause being perfect, and the only defect being that the service lacked but one day of the time provided by law, and the defendant having appeared by counsel, and the case having been postponed for three terms before judgment, that the defective service is cured, and that the court erred in dismissing the levy. See 52 *Ga.*, 22; 59 *Ib.*, 327.

Judgment reversed.