## MOSES *v.* KITTLE.

1. Where an action was brought after the passage of the pleading act of 1893, but before the passage of the practice act of 1895, and no demurrer, plea or answer was filed at the appearance term, the case was in default.
2. If, at the trial term of an action for unliquidated damages, the case be in default and no proper application to open the default is made, the defendant should not be allowed to file a plea, and the only question for determination will be the amount of damages to which the plaintiff is entitled.
3. Even if in such a case there should be a proper showing for opening the default, and the judge has the power to permit this to be done, it would nevertheless be erroneous to direct the trial to proceed "on the statement made by defendant's counsel of what he would plead," and allow the case to be conducted as though a written plea had been actually filed.
4. The present case having really been in default, it was error to try it as if a valid defense had been made.

Argued February 18, — Decided March 25, 1898.

Action for damages.    Before Judge Fite.    Catoosa superior court.    July 6, 1897.

*W. E. Mann* and *R. J. & J. McCamy*, for plaintiff.
*Payne & Payne*, for defendant.

LUMPKIN, P. J.    The trial of an action brought by B. F. Moses for alleged criminal conversation with his wife, against F. M. Kittle, resulted in a verdict for the latter, and the plaintiff excepts to the overruling of his motion for a new trial.    No demurrer, plea or answer was filed by the defendant at the ap-

pearance term.    At the trial term, the plaintiff made the point .
that the only issue to be submitted to the jury was what amount
of damages he was entitled to recover, taking the position that
the case should be given this direction because no plea in writ-
ing had been filed by the defendant.    The latter did not offer
any excuse for his failure to file a plea at the appearance term.
The record is considerably confused; but after a careful ex-
amination of it, we gather that the judge announced that he
would allow the defendant to then file a plea.    Thereupon, de-
fendant's counsel stated orally the nature of the defense he in-
tended to make, and the trial, by the judge's direction, pro-
ceeded "on the statement made by defendant's counsel of what
he would plead."    It seems that no written plea was in fact
filed until after the trial had ended, though during the term
counsel for the defendant did file a plea denying the material
allegations of the plaintiff's petition and reciting that the de-
fendant had, at the appearance term, "answered, through his
counsel, as appears of record."    The plaintiff's motion for a
new trial alleges error in the action taken by the judge, as above
set forth; complains of his refusal to charge certain requests;
and assigns error upon portions of the charge given.

1.  This action was brought after the passage of the pleading
act of 1893, but before the passage of the practice act of 1895.
It is inferable, from the recital in the plea above referred to,
that at the appearance term the case was "answered" by hav-
ing the name of defendant's counsel marked upon the docket,
and that, with this exception, no attempt was made at that
term to enter a defense.  One effect of the pleading act of 1893
was to abolish the practice under which "answering to" a case
at the first term was treated as equivalent to the filing of a plea
of the general issue.  See Code of 1882, § 3458.  That act re-
quires the defendant to meet the plaintiff's action in a much
more definite and distinct manner; for it declares that any
averment plainly and distinctly made in the plaintiff's petition,
which is not denied by the defendant's answer, shall be taken
as prima facie true, unless the latter, for want of sufficient in-
formation, can neither admit nor deny the plaintiff's allega-
tions.    The language of this statute necessarily implies that

the answer must be in writing; and consequently, when no written defense of any kind is made at the appearance term, the case is in default. Indeed, this court held in *Smith* v. *Holbrook, Glazier & Co.*, 99 *Ga.* 256, that even a written plea which merely alleged in general terms that the defendant was "not indebted" did not, under the pleading act of 1893, amount to any defense at all, and as a consequence the averments of the plaintiff's petition should, notwithstanding the filing of such a plea, be taken as prima facie true. It follows that the case now under consideration was in default when the trial term was reached.

2. At that term no application to open the default was made. In *Western Union Telegraph Co.* v. *Lark*, 95 *Ga.* 806, and in *Kaiser* v. *Brown*, 98 *Ga.* 19, this court intimated a doubt as to whether or not, under the pleading act of 1893, it was within the discretion of the trial judge to allow a default to be opened at the trial term of an action; and in *Fisher* v. *Savannah Guano Co.*, 97 *Ga.* 473, it was held that where, at the appearance term, all of the defendant's pleas were stricken, thus leaving the case in default, the defendant's counsel was not entitled, as matter of right, after that term, to file any other or additional pleas. In view of these rulings, it is certainly safe to say that in the present case the defendant should not have been allowed at the trial term to enter a defense without having first obtained, on good cause shown, leave to open the default. The allegations of the plaintiff's petition stood confessed, and the measure of his damages was the only matter for determination.

3. We are not now called upon to decide whether or not the judge had the power to permit the default to be opened. As he was not requested to do so, and no reason whatever was suggested to him for so doing, this question is not presented, and, therefore, we will not undertake to say what the defendant's rights in this respect might have been, if his counsel had in the proper manner endeavored to enable him to set up an issuable defense to the plaintiff's action. Under the facts recited, it was certainly erroneous to direct the trial to proceed on a mere statement of counsel as to "what he would plead," and allow the case to be conducted just as if a written plea had been actually filed.

4. As already remarked, the only question which should have been submitted to the jury was what amount of damages the plaintiff was entitled to recover. Neither the charges requested, nor those given and excepted to, had any bearing whatever on this question, and consequently there is no occasion to deal with them in this opinion.

*Judgment reversed. All concurring, except Cobb, J., absent.*