### 910.  HURT *v.* KIBBY.

The evidence authorized the verdict, and the judge of the superior court
did not err in dismissing the certiorari.

Certiorari, from Ben Hill superior court—Judge Whipple.  No-
vember 22, 1907.

*E. Wall, J. J. Bull,* for plaintiff in error.
*Charles B. Teal,* contra.

Russell, J.  Kibby sued out a distress warrant for $20, for the
rent of two ten-acre tracts of the Fitzgerald Colony lands for the
year 1905.  The defendant, Hurt, made a counter-affidavit setting
up that the rent was not due, by reason of the breach of certain
conditions of the contract, and asked a judgment by way of re-
coupment against the plaintiff.  There was conflict in the evidence
as to whether the plaintiff had repaired the fences, as he had ver-
bally agreed to do, and as to whether the landlord had broken his
contract by taking possession of the premises before the expiration
of the term of rental, or whether the landlord only took possession
of a small out-house or tenant's house, with the consent of the de-
fendant.  Kibby testified, that he agreed to repair the fence and
did repair it, and that the reason why he inserted the words "which
is done," after the reference to the repairs in the written contract,
was because he had been informed that Hurt was litigious and
would give trouble.  Hurt swore that he objected to the words
"which is done," and that Kibby pretended to erase them, and he
thought they were erased at the time he signed the contract.  As

all of the damages which the defendant pleaded as recoupment were said to have been due to Kibby's failure to repair or assist in repairing the fence, except $5 for the proportionate part of the year's rent after Hurt claimed that his landlord had retaken the premises, it is evident that if the jury believed Kibby's testimony with regard to the fence, corroborated by the written contract signed by Hurt, in which it was admitted that the fencing had been done, there could be no recovery for the damage to the crops which was alleged to be due to lack of sufficient fences. There was like conflict as to the $5 claimed as damages due to Kibby's taking possession of the house and premises on September 29, 1905. Kibby testified, that he never heard of any trouble about the negro house until the trial of the case; that when he rented the places to Hurt he told him there was a negro hut on one of the places, and Hurt said he had no use for it and would be glad if he (Kibby) would rent it out to some one else, to pick cotton in the fall; that at Hurt's request it was agreed that Kibby should keep the house and get some one in it if he could. Kibby further testified that he told Hurt that he had found some one to get in the house, and Hurt said it was all right, and informed him where the keys were, and asked him what to do with some things he had put in the house. On the trial Hurt denied all of these facts, or that he ever had at any time consented for Kibby to take possession of the house; and also denied the testimony of Mrs. Kibby, who testified, that she heard Hurt tell Kibby to go and take possession of the house, and that he was glad to get rid of it. It is clear that if the jury saw fit to prefer the testimony in behalf of the plaintiff in the distress warrant, they would have found against the defendant's plea of recoupment.

It is of course undeniable that during the continuance of a lease or contract of rental, the sole right to the possession and enjoyment of the premises is vested in the tenant; but the tenant has the right, with the consent of the landlord, to give possession to whomsoever he will of a portion of the rented premises, or the whole of it, as he may elect, and in this case the jury were authorized to find that Hurt, for the reasons stated by witnesses, turned the possession of the negro house over to his landlord. He could have put Kibby, although he was landlord, in possession, as well as any one else. We see no evidence of either fraud, force, or moral duress which

induced the tenant to surrender possession of the house and deliver the keys to the landlord. And while it is true, as held in *Ledsinger* v. *Burke,* 113 *Ga.* 74 (38 S. E. 313), that where the tenant voluntarily vacates the premises and delivers the keys to the landlord at his request, the rent ceases, and while the jury might, upon that principle, have been authorized to reduce the plaintiff's demand pro tanto, still they were not required to do so, if they preferred to believe that the house in question was never included in the contract of rental. This was the testimony of the plaintiff in the justice's court.

The plaintiff in error further insists, that it was the duty of the landlord to *keep* the fences in repair, and that when he went to Barantine, the agent of defendant in error, and notified him of the condition of the fence and that stock were destroying his crops, this was notice to the landlord, and it was his duty to make such repairs as would protect the tenant's crops. Conceding the soundness of the principle relied upon by the plaintiff in error, still the finding of the jury was not unwarranted, because, with the explanation of Kibby as to the words, "which is done" (to which no objection was offered), the jury could well have inferred a waiver on the part of Hurt of any further repairs as to the fence. Nor was there any evidence that Barantine was the agent of Kibby, except the statement of a conclusion by Hurt, when he said, "I found out that Barantine was his agent." He does not say how he found it out; and it may be that he formed his conclusion merely from statements of Barantine himself. If so, this would be no proof of agency; and this is the only reference to the subject in the entire record. Furthermore, the jury had the right to consider the fact that, according to Hurt's own testimony, the fence was to be kept repaired by both parties, and the tenant would have had the right, upon the failure of Kibby to repair the fence, or, upon Barantine's failure to prevent the damage to his crop by the necessary repairs (if Barantine was Kibby's agent), to have the fence repaired and hold the necessary expense as a charge against the landlord.

In our opinion the verdict was fully authorized by the evidence, and the judge of the superior court did not err in dismissing the certiorari.                    *Judgment affirmed.*