## AMERICAN CENTRAL INSURANCE COMPANY v. ALBRIGHT.

FISH, C. J. 1. Where at the time of calling the appearance docket the court called a certain case, and, no answer being filed, announced in open court that the case was in default, and thereupon marked the letter D on the docket in a place appropriate for the marking of "In default," when a case was actually in default, this was not a judgment making the case one "in default." In order for the case to be properly treated as one wherein a judgment by default has been entered, the statute (Civil Code (1910), § 5653) requiring the words "In default" to be entered on the docket must be at least substantially complied

with; and merely writing the letter D on the docket will not suffice. *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* 123 *Ga.* 270 (51 S. E. 297); *McKenzie* v. *Consolidated Lumber Co.,* 142 *Ga.* 375 (82 S. E. 1062).

2. The question as to whether or not the case was in default when it was called up for final disposition and the verdict and judgment were rendered, which the movant sought to have set aside on the ground that they were obtained by fraud, was most material in passing upon the question as to whether or not the fraud complained of on the part of counsel for plaintiff had been actually practiced upon the defendants, so as to mislead them and lull them into security and prevent their filing a plea; and the judge below, who had before him for decision this issue of whether fraud was practiced or not, having erroneously held that the case was in default when called up for final disposition, the question as to whether such fraud had been practiced, so as to authorize the setting aside of the verdict and judgment, should again be passed upon in the court below, in the light of the ruling made in the first headnote.

3. No exception to the ruling of the judge upon the demurrer or his failure to rule thereon is in the record, and the question made thereby is not here for decision. *Judgment reversed. All the Justices concur, except* Beck, J., dissenting. It being made to appear from the evidence in this case that when the appearance docket was called, and the case was sounded, no answer having been filed, it was announced in open court that the case was in default, I am of the opinion that the marking of the letter D in the proper place on the docket, in view of the fact that thus marking the letter D to indicate that a case was in default had been the uniform practice in the court for five or six years, rendered the case actually in default; and that being true, the judgment of the court below was authorized by the evidence and should not now be disturbed.

JULY 13, 1916.

Motion to set aside judgment. Before Judge Ellis. Fulton superior court. February 4, 1915.

*Smith, Hammond & Smith,* for plaintiff in error.

*James L. Key,* contra.