### 17153.   FEATHERSTON *v.* REESE *et al.*

BELL, J. 1. "The authority of an agent to execute a sealed instrument must itself be under seal, although the instrument may evidence a contract not required by law to be under seal; and ratification of such instrument, to be binding upon the principal, must also be under seal." *Neely* v. *Stevens*, 138 *Ga.* 305 (1) (75 S. E. 159). Furthermore, the agent's authority to execute such an instrument must affirmatively appear. *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403 (1) (107 S. E. 327).

2. Assuming that the instrument involved in this case, when presented to the plaintiff signed by the defendants but not signed by any person having authority to act for the plaintiff, amounted to an offer by the defendants to enter into a contract with the plaintiff to rent the building, it was, nevertheless, an offer to enter into a contract under seal, and the act of the plaintiff in attaching his signature thereto, under the words "accepted and approved" but without a seal, did not constitute an acceptance of the offer as made and could not serve to consummate a legally binding contract. *Monk* v. *McDaniel*, 116 *Ga.* 108 (3) (42 S. E. 360). Under the facts and circumstances set forth in the petition such act on the part of the plaintiff did not amount to a counter-offer to make a contract not under seal; hence the acceptance and retention of the instrument by the defendants would not effectuate a contract of that character.

3. Furthermore, the lessees having refused to enter, and having repudiated the alleged contract before the beginning of the lease term, the owner's act of reletting the premises without notice to the lessees that such

---

Agency, 2 C. J. p. 457, n. 73; p. 487, n. 99; p. 925, n. 25.
Contracts, 13 C. J. p. 279, n. 13; p. 280, n. 22; p. 283, n. 50.
Landlord and Tenant, 35 C. J. p. 1207, n. 15.

reletting was on their account operated to discharge the lessees from liability, if any ever existed. Whether the owner, by giving such notice, could have held the lessees liable for the difference in rents need not be decided in this case. *Ledsinger* v. *Burke,* 113 *Ga.* 74 (1) (38 S. E. 313); *Rucker* v. *Tabor,* 127 *Ga.* 101 (56 S. E. 124); *Hurt* v. *Kibby,* 4 *Ga. App.* 43 (60 S. E. 802); *Gay* v. *Peak,* 5 *Ga. App.* 583 (3) (63 S. E. 650).

4. The court did not err in sustaining the general demurrer and dismissing the petition.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
>
> DECIDED FEBRUARY 14, 1927.

Action for breach of contract; from Floyd superior court—Judge Maddox. January 8, 1926.

C. N. Featherston sought to recover for the breach of an alleged contract whereby the defendants, Julian A. Reese and W. G. Wright, on October 4, 1924, agreed to rent from him a certain building for five years at $255 per month. The alleged agreement contained the following stipulations: "It is understood and agreed by and between the parties hereto that possession of the above-described premises shall be given to the parties of the second part as soon as party of the first part is in position to give occupancy. It is further understood by and between the parties hereto that the term of this contract shall begin five days after written notice is given to parties of the second part hereto that the said premises are ready for occupancy, and that said lease shall continue for a period of five years from the date of its beginning as herein provided for." The petition alleged that at the time the parties entered into the agreement each understood that the property was in the possession of another as the plaintiff's tenant under a lease to expire about October 14, 1924. This tenant "had been given an agreement that he might remain in said building and occupy the same for either 30 or 60 days," or longer, pending the completion of a new building which he was then constructing. The petition alleged that in view of these circumstances it was contemplated between the plaintiff and the defendants that delivery of the premises would be made within a reasonable time, to "be determined by the completion" of the new building of the tenant then in possession. Before the happening of this event and while the old tenant was still in possession the defendants, on December 31, 1924, served notice on the plaintiff "that they repudiated the lease and would not recognise themselves bound, nor accept the premises." The plaintiff thereupon, in the exercise of diligence, suc-

ceeded in renting the premises to another for a term of five years at $225 per month, "which was $30 a month less, or $1,800 less for the term of lease," than the plaintiff should have received from the defendants. This sum was alleged to be the amount of the plaintiff's damage. The instrument which the plaintiff alleged to be his contract was signed by him through agents and by each of the defendants, under the seal of each party. It was alleged that before delivery "the same was brought by plaintiff's agent and by the defendants to plaintiff personally, and duplicate copies of said contract were then and there submitted to the plaintiff for his approval, with the request and suggestion by plaintiff's agent and by the defendants that plaintiff accept and approve the same. Plaintiff then and there in the presence of his agent and in the presence of the defendants examined the said contract, and wrote on each duplicate copy thereof the words 'Accepted and approved,' and signed his name under such words [but without a seal], and thereupon retained a copy of the said contract himself and delivered a duplicate thereof, with such words written thereon, to the defendants, and the defendants thereupon accepted such duplicate copy and allowed and permitted and thereby agreed to plaintiff's retaining the other copy." The conclusion of the contract and the signatures thereto were as follows:

"In witness hereof, parties hereto have set their hands and affixed their seals, a duplicate copy being given to each of the parties hereto.

"C. N. Featherston, by his agents Harvey-Given Co. By Hugh Given, Sec'ty. (Seal.)

"Reese-Wright Garage. By Julian Reese. (Seal.) By W. G. Wright. (Seal.)

"Accepted and approved. C. N. Featherston."

There was no allegation that the agent was authorized to execute in the plaintiff's behalf a sealed contract. It was not alleged that the plaintiff gave notice to the defendants that he would relet the premises for their account.

The petition was demurred to upon the ground, among others, that it "shows on its face that the contract on which the same is based was an instrument under seal, that the same was executed by an agent in behalf of the plaintiff, and that the authority of the agent to execute said contract is not shown, and that no author-

ity to execute same is in writing and under seal, and that said contract has not been ratified by plaintiff by a writing under seal as is required by law."

The court sustained the demurrer, and the plaintiff excepted.

*Willingham, Wright & Covington,* for plaintiff.

*Maddox, Matthews & Owens, Denny & Wright,* for defendants.