### 18025. HARPER v. TENNESSEE CHEMICAL COMPANY.

JENKINS, P. J. 1. The present demurrer to the plaintiff's petition, in so far as its grounds are special, comes too late, and in so far as it is a general demurrer the questions sought to be raised are res adjudicata, since the recital in the bill of exceptions when this case. was formerly before this court shows that the defendant had previously urged an oral general demurrer to the suit, and that such demurrer was then over-ruled. *Tennessee Chemical Co.* v. *Harper*, 30 *Ga. App.* 789, 790 (119 S. E. 448); *Hamrick* v. *Stewart*, 29 *Ga. App.* 220 (6) (114 S. E. 723). Moreover, irrespective of any such former adjudication, in a suit against two defendants on promissory notes under seal, signed respectively "R. H. Harper and H. L. Harper by H. L. Harper," and "R. H. & H. L. Harper by H. L. Harper," where the' petition alleges that R. H. and H. L. Harper "executed the said notes by H. L. Harper," there is a sufficient allegation, as against a general demurrer, that the instruments were executed by H. L. Harper, and by the present litigant, R. H. Harper, by and through H. L. Harper, the petition not indicating, as was the case in *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403, 404 (107 S. E. 327), that H. L. Harper, in signing the notes for himself and for R. H. Harper, did not have authority under seal from R. H. Harper to bind the latter. The present case differs from *Featherston* v. *Reese*, 36 *Ga. App.* 379 (136 S. E. 811), in that the defendant in that case filed a timely special demurrer calling for an allegation setting forth the agent's authority under seal.

2. "Appearance and pleading shall be a waiver of all irregularities .of the process, or of the absence of process, and the service thereof." Civil Code (1910), § 5559. Accordingly, where counsel for R. H. Harper appeared at the trial term of the court to which suit was brought and announced. that he wished to file on his behalf a traverse to the sheriff's

---

Appearances, 4 C. J. p. 1333, n. 1; p. 1335, n. 49; p. 1354, n. 53; p. 1356, n. 55.

Bills and Notes, 8 C. J. p. 875, n. 5.

Courts, 15 C. J. p. 846, n. 27.

Judgments, 34 C. J. p. 52, n. 42; p. 163, n. 67; p. 165, n. 4; p. 169, n. 64; p. 179, n. 66; p. 799, n. 80; p. 977, n. 64; p. 979, n. 88.

Pleading, 31 Cyc. p. 131, n. 27; p. 425, n. 27; p. 427, n. 48.

Process, 32 Cyc. p. 527, n. 53.

return of service, and that on account of the absence of his client he desired that the court would grant time in order that he might be enabled to have his client swear to the traverse, and where it appears that, upon objection being made to such request for time, "counsel for R. H. Harper gathered up plaintiff's petition and urged orally a general demurrer to said suit," without reservation or any sort of protestation that he did not thereby intend to substitute such general appearance for the previously contemplated special appearance, such unqualified appearance and pleading by which such defendant did then and there invoke and obtain an immediate ruling on the merits of the case, such as, had it been favorable, would have discharged him from all liability, must be taken as a waiver of "all irregularities of the process, or of the absence of process, and the service thereof." *Southern Ry. Co.* v. *Cook*, 106 *Ga.* 450 (4), 451 (32 S. E. 585); *Myers* v. *Griner*, 120 *Ga.* 723, 724 (48 S. E. 113); *Lowe* v. *Burkett*, 65 *Ga.* 564, 567; *High* v. *Padrosa*, 119 *Ga.* 648, 649 (46 S. E. 859); *McFarland* v. *McFarland*, 151 *Ga.* 9 (105 S. E. 596); *Bunting* v. *Hutchinson*, 5 *Ga. App.* 194, 201 (62 S. E. 49); *Connor* v. *Hodges*, 7 *Ga. App.* 153 (66 S. E. 546). This ruling is not in conflict with cases such as *Stallings* v. *Stallings*, 127 *Ga.* 464, 467 (56 S. E. 469, 9 L. R. A. (N. S.) 593), holding that appearance and pleading to the merits will not amount to a waiver of lack of service, where before or at the same time want of service is specially pleaded. The theory of these cases in holding that such more or less inconsistent pleas do not destroy each other is that in this way the defendant merely presents all the issues and questions which he is entitled to raise, each to stand in its proper order and to be taken up and decided in proper sequence. Such rules can not have application in the case at bar, where the defendant in the first place actually invoked and obtained an immediate ruling on the merits such as, had it been favorable, would have discharged him from all liability whatever. Nor is the decision now rendered in conflict with what may have been held in *Johnson* v. *Shurley*, 58 *Ga.* 417; *Lowe* v. *Burkett*, supra; *Cox* v. *Potts*, 67 *Ga.* 521, and cases following them, with reference to the necessity of the appearance being in writing; the effect and purport of the ruling in those cases being that what formerly amounted to an appearance by the mere marking of counsel's name on the docket could hardly be accounted such pleading as would work waiver of process, the reason being that the mere entry of counsel's name on the docket does not indicate whether such appearance was made for the purpose of pleading to the merits or for the purpose of pleading to the service. But even then it was recognized in the *Lowe* case that if the defendant followed up such an informal appearance by invoking a benefit thereunder, the rule would be different. Such being the effect of the appearance as made in the instant case, it is unnecessary to determine whether or not the defendant should have been allowed to amend his traverse setting up lack of service.

3. In a suit brought against the makers of joint and several obligations, where both parties are alleged to be residents of the same county, and where the plaintiff claims no right which is dependent upon the action being treated as joint, and where each of the parties treats the action

as several by entering separate and independent pleas, the fact that, pending the result of litigation by the present defendant upon the question of service, a judgment may have been rendered against the other defendant will not bar a later recovery in the same action against the defendant who had thus deferred an adjudication on the merits with respect to himself. The rule might be different in a suit on a joint obligation where the judgment against the first defendant merges the entire cause of action, and bars a recovery, at least in a subsequent suit on the same contract, against the other joint obligor. See *Almand* v. *Hathcock*, 140 *Ga.* 26 (3) (78 S. E. 345).

4. "Where a case has never been marked 'in default' on the docket, nor any order taken declaring the case to be 'in default,' it is error to dismiss an answer to the merits of the cause, filed at a term subsequent to the appearance term, because not filed in time." *Hall* v. *Tiedeman*, 141 *Ga.* 602 (81 S. E. 868); *Gordon* v. *Hudson*, 120 *Ga.* 698 (48 S. E. 131). This is true for the reason that although a suit may not be answered within the time prescribed by law, it is not, legally speaking, in default until an entry or order so adjudicating has been rendered as contemplated by the practice act of 1895 as embodied in section 5653 of the Civil Code of 1910. *American Central Ins. Co.* v. *Albright*, 145 *Ga.* 515 (89 S. E. 487); *Currie* v. *Deaver*, 1 *Ga. App.* 11 (2), 13 (57 S. E. 897). Thus, while a defendant who by the time prescribed has failed to file any sort of defense incurs the risk of being cut off from the right to plead, by a judgment being rendered of "in default," still, if, despite such hazard, no such penalty be actually incurred, he may still proceed to enter his belated plea to the merits. But rules governing cases in actual default, and, therefore, subject to a judgment so declaring, can not have any sort of application to cases where there has been filed "a demurrer, plea, answer, or other defense," such as contemplated by section 5653 of the Code. The filing of such a defense prevents the case from being subject to a judgment of "in default," and renders it subject to other and different rules with respect to the right to file additional defensive pleading. In such a case the defendant is restricted to the defenses entered, with such aid only as can be derived from proper amendments thereto (*Quillian* v. *Johnson*, 122 *Ga.* 49 (3), 49 S. E. 801; *Ford* v. *Serenado Mfg. Co.*, 27 *Ga. App.* 535, 109 S. E. 415), since the filing of a defense debars the filing of subsequent defenses, except by way of amendment, as effectually as would a judgment of "in default." If the defendant's pleadings can not, even by amendment, be made to serve, he can not, upon their being stricken, substitute new defenses, as though none had been filed. The rule which allows the belated filing of a plea in a case in actual default, but which has not been so adjudged, does not authorize the "successive presentation of new defenses at later terms as old ones failed and were stricken." *Brooke* v. *Lowry National Bank*, 141 *Ga.* 493 (4), 494, 497 (81 S. E. 223). In the instant case, just as was said in the *Brooke* case, "where a traverse to service and a plea in abatement filed by the defendant had been stricken, and a demurrer to the plaintiff's petition had been overruled, but no answer had been filed," it is not within the contemplation of the statutes to allow a

belated answer to the merits of the case in lieu of the pleadings pre-
viously stricken. Except for the provisions of the practice act of
1895 (Civil Code of 1910, § 5653), requiring an adjudication by an
entry or order of "in default" before a defendant who has failed to
file "a demurrer, plea, answer, or other defense" can be treated as
legally in default so as to deprive him of the right to plead, the defend-
ant would be in default and deprived of his right to plead by a mere
failure to meet the mandate of code section 5635 requiring the filing
of pleas at the appearance term. *Moses* v. *Kittle,* 103 *Ga.* 806 (30 S.
E. 687). Accordingly, since all the right a defendant has to file be-
lated pleas in cases actually in default but not so legally adjudged is
derived from the practice act referred to (Civil Code of 1910, § 5653),
he is bound in his privileges by the limitations of the act relied on,
and where he has actually filed "a demurrer, plea, answer, or other
defense," so as to render the section cited inoperative, he can not be
allowed, by virtue of such section, to take advantage of a failure to
render a judgment of "in default". Especially would the rule just
stated apply where the plaintiff moves diligently by asking for a
judgment by default prior to the filing by the defendant of any sort
of plea, thus eliminating any possible question of waiver on his part
as to the defendant's failure to plead.

5. Under the foregoing rulings, the court did not err in rejecting the pleas
offered by the defendant, and in thereafter directing a verdict in favor
of the plaintiff. ·

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 21, 1927.

Complaint; from city court of Americus—Judge Harper. Jan-
uary 21, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

Tennessee Chemical Company brought suit to the June term,
1921, of the city court of Americus, against R. H. Harper and
H. L. Harper, on two promissory notes, one signed "R. H. Harper
and H. L. Harper by H. L. Harper," the other signed "R. H. &
H. L. Harper by H. L. Harper," it being alleged that the defend-
ants executed the notes sued on "by H. L. Harper." The sheriff
made a return dated June 4, 1921, showing service upon R. H.
Harper at his most notorious place of abode. At the appearance
term an answer was filed by H. L. Harper, and the docket marked
"answered," no entry of default being made as to R. H. Harper.
At the June term, 1922, plaintiff moved for a judgment against
both defendants upon the ground that the answer of H. L. Harper
admitted liability on his part, and no defense had been filed by
R. H. Harper. Counsel for R. H. Harper then appeared and an-
nounced that he wished to file a traverse to the entry of the sheriff,

stated that he found it necessary to have the traverse sworn to by the defendant R. H., Harper, and requested the court to grant him time in which to get his client. This request was objected to by counsel for the plaintiff, and denied by the court, whereupon "counsel for R. H. Harper gathered up plaintiff's petition, and urged orally a general demurrer to said suit." The general demurrer was overruled, and thereafter, at the same term, counsel for R. H. Harper presented a traverse to the entry of the sheriff, sworn to by H. L. Harper. The court allowed the traverse to be entered, over the objection of the plaintiff, and the issue made thereby was submitted to a jury, a verdict was returned in favor of the traverse, and judgment was rendered accordingly. To this judgment the plaintiff excepted, and this court reversed the judgment, upon the ground that the plea and traverse were not properly verified (30 *Ga. App.* 789). No adjudicaton was made by this court upon the contention of the plaintiff that the action of counsel for the defendant in urging an oral motion to dismiss in the nature of a general demurrer to the petition amounted to a general appearance and a waiver of service. At the June term, 1922, judgment was rendered against H. L. Harper for the amount due on the notes sued on. When the case was returned from this court to the trial court, at the October term, 1924, the defendant R. H. Harper offered to amend his traverse of the sheriff's return of service by verifying it. The plaintiff objected to the allowance of the amendment, the objection was sustained, and to this judgment the defendant entered exceptions pendente lite. Thereafter, on December 31, 1924, the sheriff made a new entry on the petition, in which he recited that "after due and diligent search, I, on and prior to June 4, 1921, failed to find R. H. Harper to serve with copy of the within writ and process, and amend service accordingly." At the January term, 1927, the case came on for trial, R. H. Harper appeared by counsel, and "urged before the court that in view of the return of the sheriff of no service on R. H. Harper, the court was without jurisdiction in the cause, and that the same appeared on the face of the pleadings, and for this reason an oral appearance was made." The plaintiff then offered in evidence the recital of facts contained in the bill of exceptions brought here in the traverse case for the purpose of showing that the defendant had waived service, and the court ruled that the

defendant had waived service; to which ruling exception is now taken. Thereupon the defendant R. H. Harper offered a written motion to dismiss the plaintiff's petition, upon the grounds that no cause of action is set forth; that the suit is based upon notes which purport to have been executed by H. L. Harper alone; that the suit was brought on joint obligations of H. L. and R. H. Harper, but the notes show that R. H. Harper did not sign them; that there is no allegation of a partnership between R. H. Harper and H. L. Harper; that the notes purport to be joint and several obligations of R. H. and H. L. Harper, and it is not shown by the petition whether the action is proceeding against the defendants jointly and severally, or jointly, and that in the absence of such allegations no cause of action is set forth as to R. H. Harper; that the petition shows the notes were executed by H. L. Harper, and there is no allegation showing his authority to execute them for R. H. Harper. Upon motion of plaintiff's counsel, this motion of the defendant to dismiss the petition was stricken, and exception is taken to that ruling. At this juncture the defendant R. H. Harper made what he terms a special appearance and objected to any further judgment, because the record showed that at the June term, 1922, judgment was rendered against H. L. Harper, which amounts to an adjudication of all the matters involved in the suit, and a bar to further proceedings thereon. Upon motion of the plaintiff this special plea was stricken, and exception is taken to that ruling. Thereafter at the same term of court the defendant offered a written plea in which he adopted the plea theretofore filed by H. L. Harper, and denied that he and H. L. Harper were partners, or that any relation existed between them except that of landlord and tenant. Upon motion of the plaintiff, upon the ground that the pleading came too late and that the defendant had nothing to amend by, this pleading was stricken, and the defendant now excepts to that ruling. At this stage the plaintiff moved the court to enter the case in default as to R. H. Harper, and the defendant then offered a further plea, by way of amendment, in which he set up that the note appeared to be executed by H. L. Harper for R. H. and H. L. Harper; that there was no partnership relation between him and H. L. Harper, and that H. L. Harper had no authority to sign his name to the note, and that he had not ratified the same. The plaintiff objected to the allow-

ance of the plea and moved to strike it, the motion was sustained, and the court passed the following order: "This plea of no partnership was offered by defendant R. H. Harper after plaintiff had requested the court to enter on the docket default as to R. H. Harper, on objection by the plaintiff the within plea is disallowed." To this ruling exception is taken. The court then marked the case in default as to R. H. Harper, and that judgment is assigned as error. After all the pleas and motions of the defendant had been stricken and overruled, upon motion of the plaintiff the court directed a verdict against R. H. Harper for the amount sued for, and this judgment is assigned as error.

*R. L. Maynard,* for plaintiff in error. *James W. Smith, Bennet & Peacock,* contra.