JOHN SEALY, plaintiff in error, v. EDWARD KUTTNER, defendant in error.

(Atlanta, January Term, 1871.)

LANDLORD AND TENANT—TENANT AT WILL.—When the landlord rents land and tenements to another for a fixed time, or at the will of the landlord, the tenant has only a usufruct in the premises, which he cannot convey to another, except by the landlord's consent.

Landlord and Tenant. Before Judge Harrell. Terrell Superior Court. May Term, 1869.

On the 17th of May, 1869, the attorney of John Sealy, as agent of Mrs. Sealy, made affidavit that Kuttner was in possession of certain land therein described only as "tenant by sufferance," and "not under contract for rent from Sealy, agent, nor by contract with any other person authorized to rent the same," and a warrant issued thereupon to give Sealy, agent, possession of the same. Kuttner, by counter-affidavit, stated that he was not holding under Sealy, agent, nor under any one holding under him, but that he is "in possession, legally, under contract for rent for the year 1869."

On the trial, the following undisputed facts appeared. Sealy, agent, as aforesaid, rented said premises for 1868 to Watts, who remained in possession till March, 1869, and then rented the same to Kuttner for the balance of 1869, and, under Watts, Kuttner took possession, was in possession when this proceeding was begun, and on demand, refused to give up the premises to Sealy, agent. The facts testified to further, were these. Sealy testified that Watts' time expired *the 1st of January, 1869, and that he remained thereafter in possession without authority, Sealy having refused to rent it to him for 1869 because he had not paid the rent for 1868. Further, he said, he did not authorize Harper to rent the premises for 1869, but has said to him, if he saw any one wishing to rent them, to send such person to him, Sealy. Harper did afterwards tell him he

had rented the property to Watts for 1869 and offered him Watts' notes for rent for 1869, but Sealy refused to take them. He said that when he made the demand on Kuttner, he said if legal proceedings were taken so as to release him from Watts, he would rent the premises from Sealy, agent.

Plaintiff's counsel offered to show that Watts was insolvent, but the Court would not allow that.

Kuttner testified, that about March, 1869, he rented the premises from Watts for the balance of that year, knowing that Watts rented it from Sealy, agent, for 1868, and supposing he had also for 1869, and that when said demand was made he said if Sealy, agent, did dispossess him by law he would pay him the rent instead of Watts.

Harper testified, that he was authorized by Sealy, agent, to rent the premises for 1869, did rent them to Watts for that year and take his notes, but that Sealy would not accept them. There was evidence as to the value of the premises per annum.

Plaintiff's counsel requested the Court to charge the jury: 1st. That if Watts' term expired on the 1st of January, 1869, then he had no right to rent to the defendant, and if defendant thus got possession, plaintiff should recover the possession. 2d. that if Harper was authorized to rent the premises for 1869, and did rent them to Watts for that year, Watts could not, without the landlord's consent, sub-let to defendant, and if defendant got possession thus, without the landlord's consent, plaintiff should recover. The Court charged the first request, and that if the facts of the second request were shown, plaintiff should not recover. The jury found for the defendant. Error is assigned upon said charge, and rejection of the evidence of Watts' insolvency.

596    *Vason & Davis, by John T. Clark, for plaintiff in error.

F. M. Harper, by R. H. Clark, for defendant.

WARNER, J.

The Court below erred not in charging the jury as requested by plaintiff's counsel, but in charging to the contrary thereof, as set forth in the record. When the relation of landlord and tenant exists between the parties, the tenant has only a usufruct in the land, which he cannot convey, except by the landlord's consent: Code, section 2253.

Let the judgment of the Court below be reversed.