## SEIBELS *vs.* HODGES.

65   245.
94   57.
65   245.
110  263
65   245
125  44

1. No order of court. is necessary. to authorize the. issuance. of a *scire facias* to revive a dormant judgment.

2. Where ten. years. have elapsed from the date of the judgment, and no *fi. fa.* was issued, or if issued, no levy was made, and no steps taken as provided by law to revive the same, proceeding by *scire facias* is barred.

3. Where a demurrer is filed to pleadings, the court looks alone to the law arising thereon, and pronounces its judgment without consider-ing any other matter or thing appearing *aliunde.* It does not ap-pear that after the order allowing the amendment the right of the petitioner was barred.

4. Where it appears upon the face of the papers presented to the court, in a proceeding by *scire facias* to revive a judgment, that the original judgment was rendered in an appeal cause by the court

without the verdict of a jury, it is not error to dismiss the same upon the ground that it was illegal and void, and therefore could not be revived.

*Scire facias.* Statute of limitations. Judgments. Pleadings. Before Judge FLEMING. Bullock Superior Court. October Term, 1879.

Report unnecessary.

THOMAS H. POTTER, by E. M. HAMMOND, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

A *scire facias* to revive a dormant judgment was sued out by the plaintiff in *fi. fa.* against S. R. Hodges, the defendant, who appeared and resisted the proceeding by a demurrer thereto because—

1. The *scire facias* had been issued without an order of court authorizing the same.

2. That more than ten years had elapsed from the time of the judgment to the filing of the petition for *scire facias.*

3. That more than ten years had elapsed from the date of the judgment to the service of the *scire facias* on the defendant.

Upon the filing of this demurrer and the facts appearing to be true—the plaintiff amended his petition by adding thereto the entry of a levy which appeared on the back of the execution and which bore date January 20th, 1869. Thereupon the defendant made answer further resisting plaintiff's right to revive, upon the ground that the original judgment was rendered by the judge upon an appeal without the verdict of a jury and therefore null and void.

After argument had the demurrer was sustained and

the *scire facias* dismissed, to which judgment on the demurrer, and the dismissal of the suit, the plaintiff excepts.

1. No order of court is necessary to authorize the issuance of a *scire facias* to revive a dormant judgment. See 52, *Ga.*, 92 ; Code, §3607.

2. Where ten years have elapsed from the date of the judgment and no *fi. fa.* has issued, or if issued no levy has been made, and no steps taken as provided by law to revive the same, it is barred.

3. Where a demurrer is filed to pleadings the court looks alone to the law arising thereon, and pronounces its judgment without considering any other matter or thing appearing *aliunde*. It does not appear to us therefore, that after the order of the court allowing the amendment to the plaintiff's petition of the sheriff's entry on the *fi. fa.* that the right of the petitioner was barred, and the law as tested by the demurrer was with the plaintiff, and so should have been the ruling.

4. Where it appears upon the face of the papers presented to the court in a proceeding by *scire facias* to revive a judgment, that the original judgment was rendered in an appeal cause by the court without the verdict of a jury, it is not error to dismiss the same upon the ground that it was illegal and void, and therefore could not be revived. The record shows that this case was dismissed upon that ground and therefore the judgment is affirmed.