## 484. AMERICUS MANUFACTURING & IMPROVEMENT COMPANY *v.* HIGHTOWER.

1. The material question in this case is fully controlled by the decision of this court in *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48 (57 S. E. 983).
2. The verdict for the defendant, being wholly unsupported by the evidence, must be set aside as contrary to law.

Distress warrant, from city court of Americus—J. E. Sheppard, judge pro hac vice. April 11, 1907.

Argued October 15,—Decided November 25, 1907.

*Ellis, Webb & Ellis, Lane, Maynard & Hooper,* for plaintiff.
*Howell B. Simmons,* for defendant.

HILL, C. J. The Americus Manufacturing and Improvement Company sued out a distress warrant against Mrs. A. F. Hightower for $109.32, besides interest, for rent due under a rent contract for a storehouse in the city of Americus from May to December, 1906, inclusive. The defendant filed a counter-affidavit, in which she set up that the sum distrained for was not due, and further that she had been released from said rent contract by the plaintiff, who had accepted as tenant, in lieu of herself, her subtenant, one E. J. Leben, to whom she had sublet the premises with the sanction and the approval of the plaintiff; that subsequently the plaintiff collected the rents from said Leben and recognized him as the tenant under said contract; and that the indebtedness distrained for was the indebtedness of Leben, and not of the de-

fendant. The defendant further averred that the plaintiff, without her knowledge or consent, had allowed Leben to get in arrears with the rent, and, after his bankruptcy, had demanded the rent due by him of the defendant. The verdict was for the defendant, and the plaintiff's motion for a new trial was overruled.

The evidence for the plaintiff was, a contract of lease, made between it and the defendant, for the period of three years from September 8, 1905, for a stipulated rental; and that the defendant had not paid the rent due for the months covered by the distress warrant, and that demand had been repeatedly made on her for the amount, and payment refused. The evidence further disclosed the fact that the defendant, soon after the execution of the rent contract, had sold her stock of merchandise in the rented storehouse to one E. J. Leben, and had given the possession of the store to him, and had asked the secretary and treasurer of the plaintiff corporation to consent that the rent contract of the defendant with the plaintiff be transferred to and assumed by Leben, and the secretary and treasurer had agreed to submit her request to the board of directors of the plaintiff; that for several months after the premises had been sublet by the defendant to Leben, he (Leben) paid the rent to the plaintiff, but that in every case where this was done, the defendant had called upon the plaintiff for the rent, and she had instructed its secretary and treasurer to go to Leben and that he would pay the rent for her, which he had done for several months; that all the rent the secretary of the company had collected from Leben by direction of the defendant had been placed to her credit, and that the company had never in any way recognized Leben as its tenant or released the defendant from her contract; that when Leben got behind with the rent, the secretary of the company informed the defendant of the fact and demanded of her the payment of the rent; that when Leben went into bankruptcy, he was behind in the payment of the rent, and, at the request of the defendant, the secretary of the plaintiff company proved, in behalf of the defendant, Leben's debt to her on account of the rents, and collected on said proof an amount for the rent and placed the same, at her request, to the credit of her rent account with the plaintiff; and that the board of directors of the plaintiff did not release the defendant from her contract, and did not accept Leben in her stead as tenant of the corporation.

The testimony introduced by the defendant in support of her defense did not materially differ from that of the plaintiff. She and her attorney both testified, that they requested the secretary and treasurer of the plaintiff corporation to release her from the rent contract and to accept Leben as tenant; that the secretary and treasurer promised to submit the request to the board of directors; that while they heard nothing from them as to whether this request had been submitted to the board of directors, yet he, as secretary and treasurer of the plaintiff, had, for several months subsequent to the request, been collecting the rents from Leben, and had been treating him, therefore, as the tenant, in lieu of the defendant. The defendant denied that she had told the secretary and treasurer to go to Leben and he would pay the rents for her. She further testified, that after Leben's failure, she agreed to assume the balance due by Leben as rent, provided she could have the unexpired term of the lease; and under that agreement, the claim against Leben was proved in bankruptcy in her name; and that subsequently the plaintiff took possession of the leased premises, and re-leased the same to the Price Furniture Company without her knowledge or consent.

Numerous exceptions are made to certain portions of the charge of the court, but, in the view which we take of this case on the merits, these exceptions all become immaterial. In our opinion, the evidence as set out in the record is wholly insufficient to show that the plaintiff released the defendant in any manner, either expressly or by implication, from the contract. The mere fact that the plaintiff allowed the subtenant to remain in possession of the leased premises for several months, and collected from him the rent for this period, would not be sufficient, without, more, to show any release of the tenant from her contract. *Cuesta* v. *Goldsmith*, 1 *Ga.* App. 48 (57 S. E. 983). It is not claimed by the defendant that there was any expressed release, but it is insisted that the request made to the secretary and treasurer of the plaintiff corporation to release her and accept in her stead her subtenant, followed by the collection of the rents from the subtenant, operated as a release of the tenant from her contract and the substitution of her subtenant. This position is wholly untenable for several reasons. The request of the defendant and her attorney at law, made to the secretary and treasurer of the plaintiff, asking

that the defendant be released from the obligations of her written contract covering the period of three years, was a mere offer on her part to rescind, and not in any sense binding upon the plaintiff. There was no corporate assent to the proposition by the plaintiff. On the contrary, the subsequent repeated demands made on her directly by the secretary and treasurer show either that the corporation had not agreed to her proposition, or that the proposition had not been acted upon by it at all. It was not claimed that the secretary and treasurer of the plaintiff released the defendant from her contract or that he had any authority to make such release. Besides, the evidence of the defendant herself shows conclusively that she did not consider herself as released from the contract, for she continued to act under it after she claimed that she had been released by the acts and conduct of the plaintiff. She proved her claim in the bankrupt court in her own name against her subtenant as her tenant, and directed that the amount recovered from the bankrupt court be applied by the plaintiff as a credit on her rent contract, and she subsequently endeavored to sublet the premises and to induce the plaintiff to consent to the subletting. The fact that the plaintiff took possession of the leased premises in January, 1907, and leased them to the Price Furniture Company, even if it was not with her consent, would not have operated as a release from the payment of the rents due by the defendant up to that time; and the distress warrant was for a period covered by the contract prior to the re-lease of the premises by the plaintiff to the Furniture Company. As the defendant had failed to pay the rent due under the contract, we think the plaintiff, at its election could either hold her on the contract, or re-take the premises and re-lease the same for the balance of the time covered by the lease, holding the defendant for the rent due and unpaid up to the time of the re-lease. Under the most favorable view of the evidence in behalf of the defendant, we think it utterly fails to establish any breach of the contract by the plaintiff, or any release of the defendant and acceptance of the subtenant in her place; on the contrary, the evidence affirmatively shows that the plaintiff did not release her from her contract, either expressly or by implication, until it took possession of the premises in January, 1907, and leased them to the Price Furniture Company, and that prior to this date she was held by the plaintiff to the contract. The verdict in

her favor is contrary to law, as being wholly without evidence to support it, and must be set aside and new trial ordered.

*Judgment reversed.*