### 1166. HOOKS v. BAILEY.

The question of law in this case is controlled by the decision of this court in *Cuesta v. Goldsmith,* 1 *Ga. App.* 48 (57 S. E. 983), and by the decision of the Supreme Court in *Hudson v. Stewart,* 110 *Ga.* 37 (35 S. E. 178); and the evidence demanded the verdict as directed by the court.

Complaint, from city court of Dublin—Judge Burch.    March 31, 1908. .

Submitted June 14,—Decided November 24, 1908.

*Davis & Adams,* for plaintiff in error.

*W. L. & Warren Grice,* contra.

HILL, C. J.   Bailey brought suit against Hooks, to enforce a written contract arising on the following state of facts:   Bailey had leased from Mrs. Elmira J. Horne what was known as the Joyner House, in the city of Hawkinsville, Georgia, and had also leased from her what was known as an annex to the hotel.   This lease contract, for a stipulated consideration, was transferred by Bailey to Hooks, and Hooks transferred the lease to one Powell. During Powell's occupancy of the premises, the owner, Mrs. Horne, through her agents, collected from him the rent.   When Bailey originally leased the premises from Mrs. Horne, he gave to her a series of notes for the rent, which were deposited in the Planters' Bank of Hawkinsville for collection.   When the premises were sublet by him to Hooks, and by Hooks to Powell, no new rent notes were given, but each succeeding lessee assumed the payment of the original rent notes from Bailey to Mrs. Horne; and when they became due, they were collected through the bank where, as above stated, they had been deposited.   No objection was made by Mrs. Horne to the subletting by Bailey to Hooks or by Hooks to Powell, but her agent collected the rent directly from Powell, in the manner above indicated; and, during the tenancy of Powell, upon notice to Mrs. Horne that certain repairs were needed upon the premises, Powell was notified by her to make the needed repairs and deduct the cost from the rent.   The foregoing arrangement went on without objection, and without any trouble, until Powell, the tenant, filed a voluntary petition in bankruptcy and was adjudicated a bankrupt.   Bailey was thereafter, when the rent fell due, called upon by Mrs. Horne to pay the same, and he in turn called upon his tenant, Hooks, to pay the rent according to the terms of his contract.   This Hooks refused to do, and Mrs. Horne sued out a distress warrant against Bailey.   Bailey, at the request of Hooks, defended the distress warrant, by counter-affidavit, and notified Hooks to appear and assist in the defense.   This Hooks did not do, by himself or attorney, and he did not in any manner assist Bailey in the defense set up to the distress warrant; and

Bailey made all possible defense, under the facts and the law, to the collection of the said rent by Mrs. Horne from him. Having been compelled to pay Mrs. Horne the amount of the rent, Bailey brought suit against Hooks, upon the written contract in which Hooks undertook, among other things, to pay the rent notes which Bailey had given to her. To this suit Hooks set up the defense, that Mrs. Horne had recognized his subtenant, Powell, as her tenant of the premises for which the rent notes were given, that she collected the rents from Powell, and that, on notice by Powell to her that repairs were needed on the rented property, she directed Powell to make such repairs and deduct from the rent the cost of the same, that this conduct was an election to treat Powell as her original tenant, and that this election released Bailey from his contract to pay the rent, and consequently released Hooks from his contract with Bailey. There was no controversy as to any of these facts, and, at the conclusion of the evidence, the court directed a verdict for the plaintiff, for the principal and interest shown to be due on the rent notes. The defendant filed a motion for new trial, based on the usual general grounds, and on the special ground that the court erred in directing a verdict for the plaintiff, as there were questions of fact in the case that the jury should have passed upon; it being insisted, in support of this assignment of error, that there was evidence tending to show that the owner of the building had accepted and treated Powell as her tenant, and, in doing so, had released Bailey, and that, consequently, Hooks was released from his contract with Bailey, and that this issue, if no other, should have been submitted to the jury.

It will be seen from the foregoing statement of undisputed facts that the only question for this court to decide is, as to whether the conduct of Mrs. Horne, the owner of the premises, amounted to an election on her part to make the subtenant, Powell, her tenant, thereby releasing Bailey from his contract of tenancy; for, of course, if her conduct did amount to such substitution, it would have the effect to release Bailey from his contract, and, consequently, Hooks from his contract with Bailey. The extent of the evidence illustrative of this point is that Mrs. Horne, through her agent, collected the rent from Powell; but this act must be taken in connection with the further facts that the original rent notes executed by Bailey to her had been deposited in the bank for col-

lection, and no new notes had been taken from the subtenant,. Powell, but the rent, as it fell due, was paid by the payment of the rent notes made by Bailey and deposited in the bank 'for collection. The fact that the owner of the premises still retained the notes made by Bailey to her strongly indicates that she did not intend, by accepting payment of the rent from Powell, the subtenant, to release Bailey. This court has held, in the case of *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48 (57 S. E. 983), following the decision of the Supreme Court in *Hudson* v. *Stewart*, 110 *Ga.* 37 (35 S. E. 178), that the landlord does not waive his right of action against his tenant by allowing a subtenant to remain in possession of the premises, even though he accept payment of the rent from the subtenant with knowledge of such subletting; that the collection of rents from a subtenant is not such affirmative action on the part of the landlord as to amount to an election by him to treat the subtenant as his tenant. See also *Americus Mfg. Co.* v. *Hightower*, 3 *Ga. App.* 65 (59 S. E. 309) ; Taylor's Landlord &. Tenant, §524. Nor do we think the fact that .the landlord directed the subtenant to make needed repairs on the property and to deduct the cost of the repairs from the rent shows that the landlord elected to treat the subtenant as her tenant. It is the duty of the landlord to keep the premises in repair, whether they be occupied by his tenant or his subtenant. Civil Code §3123. We,. therefore, conclude that there could have been but one verdict,. under the undisputed evidence in the record, and this was the verdict directed by the court.          *Judgment affirmed.*