### 1519. GAY v. PEAK et al.

1. The grounds of a motion for a new trial are not the subject-matter of valid exception unless they are legally verified. The verification may appear from the bill of exceptions or from the record, or from the approval of the trial judge. To "allow" grounds of a motion is not, however, equivalent to approving them. *Holmes* v. *Pope*, 1 *Ga. App.* 340 (58 S. E. 281); *Seaboard Air-Line Railway* v. *Bostock*, 1 *Ga. App.* 189 (58 S. E. 136); *Wilson* v. *Cobb*, 4 *Ga. App.* 272 (61 S. E. 133); *Soell* v. *State*, 4 *Ga. App.* 337 (61 S. E. 514).

2. "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol, and if made for a greater time

shall have the effect of a tenancy at will." Civil Code, § 3117; *Hayes* v. *Atlanta*, 1 *Ga. App.* 25, 29 (57 S. E. 1087). If the relation of landlord and tenant is not to exist for longer than one year, a parol contract is valid, though made before the year begins. *Steininger* v. *Williams*, 63 *Ga.* 475, distinguishing *Atwood* v. *Norton*, 31 *Ga.* 507.

3. If, pending the duration of a tenancy, the tenant becomes dissatisfied and offers to surrender possession, and the landlord thereafter resumes possession or a control over the premises inconsistent with the tenant's right of occupation, he thereby discharges the tenant from liability for future rent. If he seeks to hold the tenant for the rental value of the premises for the period prior to his resumption of possession, the burden is on him to show what that value is. *Harris* v. *Dub*, 57 *Ga.* 78 (3); *Ledsinger* v. *Burke*, 113 *Ga.* 76 (38 S. E. 313).

4. If the plaintiff fails to make a prima facie case by the testimony, the case should end by nonsuit, and not by the direction of a verdict in favor of the defendant. The judgment is affirmed, with direction that it shall operate only as a nonsuit, and not as a final judgment concluding the case on the merits. *Proctor & Gamble Company* v. *Blakely Oil Co.*, 128 *Ga.* 606, 614 (57 S. E. 879); *Caudell* v. *So. Ry. Co.*, 2 *Ga. App.* 479 (58 S. E. 689); *Murphy* v. *Ga. Ry. & Elec. Co.*, 4 *Ga. App.* 523 (61 S. E. 1133).

Distraint, from city court of Swainsboro—Judge Mitchell. October 9, 1908.

Submitted January 26,—Decided February 9, 1909.

*Saffold & Larsen*, for plaintiff.

*Smith & Kirkland*, for defendants.

PowELL, J. The propositions of law announced in the head-notes decide the points raised in the record, and, for the most part, do not require elaboration to be understood. A brief statement of the facts may, however, make them somewhat clearer. Gay sued out a distress warrant against the defendants for the rent of a plantation for the year 1905. He testified, that the contract was made in December, 1904, and that the tenancy was to exist only throughout the year 1905; that he did not represent that the place contained any given number of acres; that he did not fail to make necessary repairs; that, nevertheless, the defendants, having entered into possession at the beginning of the year and having retained possession for about two months, expressed dissatisfaction on account of an asserted shortage in the quantity of the land, and said they were going to leave; to which he replied that they might do as they pleased, but that he would hold them for the rent; that they did leave, and he thereupon allowed his son and his son-in-law to move upon the place and to cultivate about

one half of the land, though he charged them no rent. The defendants testified, that they made an oral lease of the lands for five years, that the plaintiff represented that it contained between 150 and 165 acres; that in fact it contained only 105 acres; that they went to the plaintiff, complained of the shortage, and asked him either to reduce the rent or consent to their giving up the place, and he consented that they might leave, and he himself thereupon took charge of the place and controlled it throughout the year 1905. The case resulted in a verdict and judgment for the defendants. The bill of exceptions complains of the overruling of a motion for a new trial, filed by the plaintiff. There is a recital in the bill of exceptions that when the evidence was all in and both sides had announced closed, the defendants moved the court for the direction of a verdict in their favor, and that the court granted the motion and directed the verdict accordingly. The original motion contained only what is known as the general grounds; and under the decisions in the cases of *Arnold* v. *Ragan,* ante, 254 (62 S. E. 1052), and the cases therein cited, did not raise the question that the judge erred in directing a verdict because there was a conflict in the evidence; but, by an amendment to the motion, which was marked "allowed," but not "approved," complaint was made that the judge erred in directing the verdict. Since the plaintiff's own testimony showed that he was not entitled to recover for the full year's rent, on account of his admitted resumption of the possession, and since he did not prove the value of the premises during the short period it was occupied by the defendants, the judge ought to have ended the case by nonsuit. The defendants were not entitled to a judgment concluding the case on its merits. The judgment will be affirmed, with appropriate direction.                *Judgment affirmed, with direction.*