### 2628. SCHACHTER v. TUGGLE COMPANY.

1. Where a lease provides that the tenant may assign the lease or sublet the premises without the consent of the landlord, an exercise of this privilege does not relieve the original tenant from his primary liability for the rent.

2. For a landlord to receive the keys from a tenant or an under-tenant who has vacated the premises, prior to the expiration of the time set in the lease, does not necessarily result in a rescission of the contract of renting. It depends on the circumstances. In the case at bar there was evidence from which the jury were authorized to find that no such rescission was ever effected.

DECIDED JANUARY 24, 1911.

Appeal; from Fulton superior court—Judge Bell. March 19, 1910.

*R. J. Jordan,* for plaintiff in error. *T. O. Hathcock,* contra.

POWELL, J. Even where there is no provision for the subletting of the premises, a substitution of tenants does not necessarily take place merely because the landlord receives the payment of the rent from an under-tenant to whom the original tenant has subleased the property. It requires a contract, express or implied, to bring about a substitution of tenants. *Cuesta* v. *Goldsmith,* 1 *Ga. App.* 48 (57 S. E. 983). "Where the lease contains an express agreement or covenant by the lessee to pay rent, he remains liable for rents to accrue, though he assigns the lease. And this liability of the lessee is not affected by the fact that the landlord accepts payment of the rent from the assignee, nor by the fact that the landlord

assents to the assignment." 18 Am. & Eng. Encyc. Law (2d. ed.), 293, cited in *Cuesta* v. *Goldsmith,* supra. In the present case the original tenant agreed to pay the rent, and there was an express agreement that he might sublet the premises, without the landlord's consent. Hence, for the landlord's agent to accept payment from the under-tenant did not, in the absence of further contract, have the effect of substituting the under-tenant as the primary debtor, or of releasing the original tenant from liability.

An agent of the under-tenant brought the keys to the landlord, stating that the premises were about to be vacated. The landlord replied that while he would take the keys, he would have to hold for the rent the person responsible therefor, but that he was willing to try to relet the premises. While there is evidence contradicting this, yet the jury were authorized to find that this was the understanding upon which the landlord took the keys and endeavored to secure a new tenant for the property. The judge did not err in charging the jury that the mere taking of the keys of the house from the tenant by the landlord would not of itself operate as a rescission of the rent contract. To quote from the language of the Supreme Court in the case of *Ledsinger* v. *Burke,* 113 *Ga.* 74, 77 (38 S. E. 313), "We do not mean to rule that the mere taking of the keys of a house from the tenant by his landlord will of itself, in the absence of other acts showing an intention to accept a surrender, operate in law to establish a valid implied surrender." We find no reversible error in the record.          *Judgment affirmed.*