## POLLARD *v.* BLALOCK *et al.*

Gilbert, J. 1. This is an action at law for the recovery of land and mesne profits, instituted by a widow suing as sole beneficiary under an existing homestead set apart under the constitution of 1868 to her husband, since deceased. It was erroneous to dismiss the petition on the ground that the action was maintainable only in a court of equity. *Hughes* v. *Purcell*, 135 *Ga.* 174 (5), 175 (68 S. E. 1111).

2. In passing upon the merits of a petition on the hearing of a demurrer, it is erroneous for the court to take into consideration facts that are not shown by the petition.

3. The plea was sufficient as setting up title by prescription, and there was no error in overruling the demurrer to the plea.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and* George, *J., dissenting as to the first headnote.* If the form of action in this case is properly construed to be a suit at law, I disagree with the conclusion reached in the first note. A homestead estate is a legal estate, but the right of the beneficiary therein is essentially equitable; and if the suit is based solely upon the right of the plaintiff as a beneficiary of the homestead, a cause of action for the restoration of the homestead and for the recovery of mesne profits must be asserted in equitable proceedings.

No. 325.   November 17, 1917.

Complaint for land.  Before Judge Searcy.  Fayette superior court.  March 19, 1917.

*H. A. Allen* and *Westmoreland & Westmoreland,* for. plaintiff.

*A. H. Freeman, L. C. Dickson,* and *George Campbell,* for defendants.