### 11330. RENDER *v.* HARRIS.

BROYLES, C. J. 1. " A contract establishing the relation of landlord and tenant for one year, though made before the year begins, may be in parol." *Steininger* v. *Williams*, 63 *Ga.* 475; *Gay* v. *Peak*, 5 *Ga. App.* 583 (63 S. E. 650); *Ridgway* v. *Bryant*, 8 *Ga. App.* 564 (70 S. E. 28).

2. The court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED MAY 11, 1920.

Action for damages; from city court of LaGrange — Judge Duke Davis. January 23, 1920.

The petition as amended alleges, in substance, that on June 1, 1919, the plaintiff and the defendant entered into a verbal contract under which the defendant rented to the plaintiff, at a rental of $125 per month, for one year, to begin on the 15th day of that month, a described building in the City of LaGrange, which the defendant represented that he had full authority to rent, but that on the 11th day of the same month, when he went to see the defendant with reference to moving into the building, he was advised that the defendant had changed his mind, and that the defendant had no authority to rent the building; and the defendant refused to allow him to move into it. Actual and nominal damages are sued for. The defendant demurred to the petition generally and specially, contending that the alleged verbal contract was within the statute of frauds and not enforceable, as it was not to be performed in one year from the time at which it was made; and that

the alleged damages were too remote, speculative, and uncertain to be the basis of a recovery.

From the petition it appears that the building was rented for the purpose of being operated by the plaintiff as a hotel, and this purpose was known to the defendant at the time the contract was made. At that time the plaintiff was operating a public eating house in the same city, and, immediately after the contract was made, the plaintiff, acting with the knowledge and advice of the defendant, notified the traveling public who were then taking their meals at his eating house that on June 15, 1919, he would move into the rented building and he would not after that date be at his old stand. It is alleged that the refusal of the defendant to carry out the contract forced the plaintiff to remain at his old stand, and immediately after June 15, 1919, the receipts from his business from traveling people dropped off a stated sum per week, and this loss continued to the time of bringing this suit, as a result of having advised his customers that he would move at the time stated above. After being apprized of the defendant's refusal to carry out the contract, the plaintiff exercised due diligence in notifying the traveling public that he would not move from his old place of business. Allegations are made as to the difference in the amount of his net receipts for five months after June 15, 1919, and for the five months preceding that date, and he sues for the difference. Another item of damages is $100, alleged to be the reasonable value of the time expended by him in specified negotiations and preparations for the operation of the business to be conducted at the rented building; which negotiations and preparations were undertaken with the knowledge and at the advice of the defendant. It is alleged that when the defendant refused to carry out the contract, he knew that loss would result to the plaintiff in the amounts stated.

*E. T. Moon,* for plaintiff in error, cited: On statute of frauds: 31 *Ga.* 507; 47 *Ga.* 479; 126 *Ga.* 643; 8 *Ga. App.* 564; 5 *Ga. App.* 583. As to damages: Civil Code (1910), §§ 4394, 4509; 140 *Ga.* 51; 144 *Ga.* 135; 56 *Ga.* 189 (5); 14 *Ga. App.* 158.

*L. B. Wyatt,* contra, cited cases cited in the decision, and, as to damages, cited: Park's Ann. Code, § 4397; 101 *Ga.* 776; 8 *Ga. App.* 787; 75 *Ga.* 582; 133 *Ga.* 446; 57 *Ga.* 128; 110 *Ga.* 894; 99

*Ga.* 774-5; 105 *Ga.* 275; 73 *Ga.* 286; 79 *Ga.* 743; 94 *Ga.* 407; 85 *Ga.* 606.