17934.  GARBUTT & DONOVAN v. BARKSDALE-PRUITT JUNK
COMPANY.

JENKINS, P. J.  1. A lease of real estate for a term less than five years
passes no estate out of the landlord, the tenant has only a usufruct,
and he can neither sublet the premises, nor convey his usufructuary
interest, nor assign his lease without the landlord's consent.  *Sealy* v.
*Kuttner*, 41 *Ga.* 594; *Hooper* v. *Dwinnell*, 48 *Ga.* 442, 445; *Hudson* v.
*Stewart*, 110 *Ga.* 37 (35 S. E. 178); *DeFoor* v. *Stephens*, 133 *Ga.* 617,
619 (66 S. E. 786).  If, with the consent of the landlord, the tenant
subrents the rented premises, the subtenant becomes the tenant of the
original tenant, who is entitled to proceed against him for rent, under
the agreement made between those parties (*Boyd* v. *Kinzy*, 127 *Ga.* 358,
56 S. E. 420); but the status of the original tenant with the owner
remains the same, and the original contract between them remains un-
impaired.  In such a case the subtenant does not become the tenant of
the owner, and the owner can not proceed against him for rent, al-
though in the case of agricultural lands he would have a special lien
on the crops raised by the subtenant.  *Hudson* v. *Stewart*, supra; *Mc-
Connell* v. *East Point Land Co.*, 100 *Ga.* 129, 134 (28 S. E. 80).  If,
without the consent of the landlord, the tenant should undertake to
sublet the premises, the landlord, not being bound thereby, may ignore
such unauthorized agreement without in any wise affecting his rights
under his contract with the original tenant, or he may refuse to
recognize the right of possession in the subtenant and proceed to expel
him from the rented premises as a mere intruder; or he may, at his
option, affirmatively elect to treat such unauthorized subtenant occupy-
ing his premises as his own tenant instead of the original tenant, in
which case the relationship of landlord and tenant between the owner
and the original tenant ceases.  Such an election on the part of the
landlord owner whereby the new unauthorized subtenant is substituted
as tenant for the original tenant may be effected by an expressed
recognition by the owner of the subtenant as his tenant, or it may
be implied from such affirmative acts and conduct as will clearly
indicate an intention on the part of the landlord to effect such a sub-
stitution.  Mere acquiescence in the subtenant's possession of the
rented premises under his agreement with the original tenant does not
constitute such an election; nor will the mere acceptance of payments
by the subtenant in accordance with the terms of the original contract
made with the original tenant be held to constitute an abandonment of
the contract with the original tenant and the substitution of a new
agreement with the subtenant.  *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48
(57 S. E. 983); *Americus Manufacturing &c. Co.* v. *Hightower*, 3 *Ga.
App.* 65 (59 S. E. 309); *Hooks* v. *Bailey*, 5 *Ga. App.* 211 (62 S. E.
1054); *Mendel* v. *Barrett*, 32 *Ga. App.* 581 (124 S. E. 107).  In order
for the acceptance of such payments as made by an unauthorized sub-

Landlord and Tenant, 35 C. J. p. 970, n. 72; p. 971, n. 81; p. 977, n. 80;
p. 1001, n. 65; p. 1002, n. 73, 78; p. 1003, n. 82; 36 C. J. p. 369, n. 24,
26; p. 378, n. 39, 40, 41, 44, 45; p. 379, n. 49, 54.

tenant to have the effect of establishing such a new agreement, it must clearly appear that it was the intention of the landlord to accept the payments as made by the subtenant on his own behalf as the owner's tenant, instead of through him for and on behalf of the original tenant.

2. It not appearing in the instant case that the landlord had ever recognized the defendant partnership as his tenant, and it not appearing that the payments for rent by partnership checks as made by the member of the partnership with whom the original written contract of tenancy was made were received and accepted as payments made by the partnership as tenant, the court did not err in granting a nonsuit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 12, 1927.

Distraint; from Chatham superior court—Judge Meldrim. November 8, 1926.

*Oliver & Oliver, John Z. Ryan,* for plaintiffs.

*Travis & Travis,* for defendant.