## 23363. DUNLAP *v.* GEORGE.

JENKINS, P. J. 1. Where, in consideration of the grant of a leasehold estate in realty, the lessee agrees for himself and assigns to pay a stipulated yearly rental to the lessor, and thereafter conveys and assigns his entire unexpired leasehold to a third person, the effect of the instrument is to establish a privity of estate between the assignee and the original lessor, and to authorize the latter to hold the former liable upon cove-

nants running with the land, such as the payment of the yearly rental while the leasehold estate remains vested in him. *Potts-Thompson Liquor Co.* v. *Potts*, 135 *Ga.* 451, 458 (69 S. E. 734) ; *Perry* v. *Paschal*, 103 *Ga.* 134 (2) (29 S. E. 703) ; *Robinson* v. *Perry*, 21 *Ga.* 183 (68 Am. D. 455) ; *Harms* v. *Entelman*, 21 *Ga. App.* 295, 296 (94 S. E. 276) ; Williams on Real Property (2d Am. ed.), 331, 332. The rule is to the contrary where property is leased for a period of less than five years, so as not to constitute a leasehold estate. Civil Code (1910), § 3691; *Hudson* v. *Stewart*, 110 *Ga.* 37, 38 (35 S. E. 178) ; *Hutcheson* v. *Hodnett*, 115 *Ga.* 990, 993 (42 S. E. 422).

2. A suit for rent on a lease for five years or more, setting forth an assignment of the leasehold, is equivalent to an allegation that the defendant assignee had thus assumed the obligations of the lease. A court of law has jurisdiction of such an action against the original lessee and the last assignee. The rule is different as to ordinary contracts other than those creating a leasehold estate. *Sheppard* v. *Bridges*, 137 *Ga.* 615 (1, 4), 621 (74 S. E. 245). Accordingly, the trial court did not err in overruling the general demurrer of the last assignee, either on the theory that, although the suit was based on the lease, it was necessary to allege that such defendant had specifically assumed the obligations thereof; or, since the action was founded on the lease and was not a suit to recover for use and occupation of land, that an allegation as to occupancy was necessary.

3. The evidence sustained the allegations of the petition as laid, and the superior court did not err in overruling the certiorari by which the last assignee sought to review the judgment of the municipal court, and in entering a final judgment against her.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiff in error.

*Mitchell & Mitchell,* contra.