## 34528. BRASWELL *v.* SHURLING.

Decided March 13, 1953.

*Emory L. Rowland,* for plaintiff in error.
*J. W. Claxton, Francis F. Shurling,* contra.

GARDNER, P. J. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. The question is presented: Could the jury from the evidence adduced "with all reasonable deductions or inferences therefrom" have returned a verdict except for the plaintiff on said rental contract for the full amount claimed? The defendant claims that he returned the premises to the plaintiff and that others occupied them and paid the rent therefor directly to the plaintiff. The defendant contends that this amounted to rescinding the rental agreement with him and relieved him of any further liability. The plaintiff testified that he did collect rent from two other named persons after the defendant's brother had left, but that he advised the defendant that he was not relieving him from liability and was looking to him for the rent. We are familiar with the general rule that, if a landlord retakes possession of the rented premises for his own benefit, either directly or indirectly, before the termination of the lease, the tenant is relieved from liability for the portion of the term subsequent to the landlord's entry. See *Gay* v. *Peake,* 5 *Ga. App.* 583 (63 S. E. 650); *Ledsinger* v. *Burke,* 113 *Ga.* 74 (38 S. E. 313); *Rucker* v. *Tabor,* 127 *Ga.* 101 (56 S. E. 124). However, where a tenant before the expiration of his term vacates premises and notifies the landlord thereof, and the landlord refuses to release him from his contract of rental and notifies him that he will hold him to the same, the act of the landlord in going upon the premises and renting same to another does not constitute an acceptance by the landlord of a surrender of the term by the tenant. *Hulsey* v. *Harrington,* 57 *Ga. App.* 479 (2) (195 S. E. 901). Merely receiving payment of the rent from an undertenant does not necessarily effect a substitution of tenants and relieve the original tenant from liability under his contract. It requires a contract, express or implied, to bring about the substitution of tenants. *Cuesta* v. *Goldsmith,* 1 *Ga. App.* 48 (57 S. E. 983); *Schachter* v. *Tuggle Co.,* 8 *Ga. App.* 561 (70 S. E. 93). The original tenant remains liable even though he sublets to another, and this liability is not affected by the fact that the landlord accepts payment of the rent from the sub-

tenant. When the defendant notified the plaintiff that he no longer wanted these premises, the plaintiff stated to him that he would not release him from his liability for rent under the contract but was looking to him for the rent. See 18 Am. & Eng. Enc. of Law (2d ed.) 293, cited in *Cuesta* v. *Goldsmith,* supra, and *Hulsey* v. *Harrington,* supra. See also *Baldwin* v. *Lampkin,* 14 *Ga. App.* 828 (82 S. E. 369), and *Cox* v. *McKinley,* 10 *Ga. App.* 492 (73 S. E. 751). There is no contention by the defendant that the plaintiff did not give him credit for the amount of rent received from Smith and Hammock, the two persons who occupied the building and paid rent to the plaintiff, after the brother of the defendant abandoned same. The defendant would be entitled to have the damages lessened by all sums received by the landlord as rent after the defendant gave up the premises.

Nothing to the contrary is held in the cases cited by the plaintiff in error. *Featherston* v. *Reese,* 36 *Ga. App.* 379 (3) (136 S. E. 811) holds: "Furthermore, the lessees having refused to enter, and having repudiated the alleged contract before the beginning of the lease term, the owner's act of reletting the premises without notice to the lessees that such reletting was on their account operated to discharge the lessees from liability, if any ever existed. Whether the owner, by giving such notice, could have held the lessees liable for the difference in rents need not be decided in this case"—citing *Ledsinger* v. *Burke,* 113 *Ga.* 74, supra; *Rucker* v. *Tabor,* 127 *Ga.* 101, supra; *Hurt* v. *Kirby,* 4 *Ga. App.* 43 (60 S. E. 802); *Gay* v. *Peake,* 5 *Ga. App.* 583 (3), supra. The above cases are not authority for the contention of the defendant that the landlord had accepted his surrender of the premises and relieved him from liability. In the instant case, the lessee took possession, under his brother, and then sought to get out of the contract, surrendering the premises back to the plaintiff, and the plaintiff informed him that he was looking to him for the rent. The taking of rent from Smith and Hammock did not amount to a rescission of the rental contract with the defendant.

It follows that no other verdict than that directed could have been rendered under the undisputed evidence. The court did not err in directing the verdict.

The only error assigned in the defendant's amended motion for new trial being the direction for the plaintiff of a verdict which was demanded under the evidence, the court properly denied such motion.

*Judgment affirmed.   Townsend and Carlisle, JJ., concur.*