39257.   INSURANCE COMPANY OF ST. LOUIS
v. BRAY *et al.*

CARLISLE, Presiding Judge.   1. This was a suit on a policy of automobile collision insurance alleged to have initially covered a described Ford automobile. The petition alleged that the Ford had been replaced by a Chevrolet pickup truck. The petition did not allege that the defendant had consented to or agreed to insure the pickup truck, but sought recovery on the theory that the pickup truck was a substitute automobile within the provision of the policy affording insurance on a "temporary substitute automobile" used by the insured while the automobile described in the policy is temporarily withdrawn from normal use because of its breakdown, repair,

servicing, loss or destruction. Since the petition showed that the pickup truck was not a temporary substitute but in fact was a permanent replacement for the Ford, it failed to state a cause of action and the trial judge erred in overruling the general demurrer thereto. However, the case went to trial and the plaintiff was allowed to prove without proper objection being made thereto (as will be shown hereinafter) that the defendant had consented to the replacement of the automobile with the truck and had expressly agreed to afford insurance on the truck under the policy originally issued, and the petition thus was in effect amended by the evidence under the principles announced in *Napier v. Strong*, 19 Ga. App. 401, 404 (2) et seq. (91 SE 579). See also *Columbia Fire Ins. Co. v. Tatum*, 46 Ga. App. 475 (4) (167 SE 911), and other cases and authorities cited and collected in *Harvey v. DeWeill*, 102 Ga. App. 394, 405-6 (116 SE2d 747). It follows that there was no harmful or reversible error in overruling the general demurrer to the petition.

2. The trial court did not err in admitting in evidence an endorsement changing the automobile covered by the policy of insurance sued on from the Ford to the Chevrolet pickup truck, which endorsement bore the policy number originally issued covering the Ford and bore a signature which the jury, under the evidence, was authorized to find was the same as that of the authorized agent who countersigned the original policy, where the president of the bank which financed the automobile testified that after notifying the broker of the change of automobiles and requesting the change in coverage, the endorsement was thereafter received in his office in the regular course of business and was accepted by the bank as evidence of coverage required by them, and where the agent whose signature purportedly appeared thereon, testified that it was a routine procedure for such endorsements to be issued from his office, and though he did not recognize the signature as being his own that other employees were authorized to sign his name for him. The apparent misspelling of the agent's name in the signature went merely to the weight and credit to be given to such signature. *Code Ann.* § 38-711. *Allstate Ins. Co. v. Buck*, 96 Ga. App. 376 (100 SE2d 142). The trial court did not err in overruling the first special ground of the motion for a new trial.

3. Inasmuch as the policy sued on in this case was written on March 3, 1959, and the loss occurred on June 13, 1959, it was not error for the trial court to charge the provisions of the law defining insurance agent as they appeared in *Code* § 56-501 prior to the enactment of the Insurance Code of 1960. The Georgia Insurance Code of 1960 was not intended to and could not have had any retrospective effect, and the provisions of law charged by the judge, as complained of in special ground 2, were in full force and effect at all times material in this case. *Code Ann.* § 56-115. Constitution, Art. I, Sec. 3, Par. 2 (*Code Ann.* § 2-302).

4. The plaintiffs alleged in their petition that immediately prior to the collision in question, the vehicle was worth $1,236, and that immediately after the collision it had a value of only $36 and that by reason of the collision they suffered a damage in the amount of $1,200. However, on the trial of the case plaintiff Clifford D. Bray testified on cross-examination that he finally sold the truck for $175, out of which $25 was taken for wrecker service, leaving him a net of $150. The policy sued on carried a $100 deductible clause applicable to collision damage. Accordingly, the jury verdict for the plaintiff in the amount of $1,100 for the loss of the truck was not authorized by the pleadings and the evidence inasmuch as the maximum recoverable thereunder for the loss of the truck would have been the sum of $1,236, less the $150 net recovered as salvage, less the $100 deductible applicable to each loss, or a net of $986. Under all the facts and circumstances of this case, it was a jury question as to whether the defendant insurance company was chargeable with bad faith in refusing to settle the claim of the plaintiffs and this court cannot say, as a matter of law, that the finding of the jury awarding damages for bad faith was not authorized. Accordingly, the judgment is affirmed on condition that the amount awarded for the loss of the truck be reduced to $986, and the amount awarded for bad faith be reduced to $246.50, making a total verdict and judgment, exclusive of attorney's fees, of $1,232.50, and the judgment is affirmed on condition that the amount of $142.50, the difference between the foregoing amount and the amount of $1,375 found by the jury be written off from the verdict. Otherwise, the judgment is reversed.

*Judgment affirmed on condition.   Eberhardt and Russell, JJ.,
concur.*

DECIDED APRIL 3, 1962.

*Robert E. Barfield,* for plaintiff in error.
*Eva L. Sloan, J. Alvin Gilmore, W. George Thomas,* contra.