41402. WOOD et al. v. UNIVERSAL CREDITORS ASSOCIATION, INC., Transferee.

ARGUED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965.

*David H. Fink,* for plaintiffs in error.

*R. V. Karlberg,* contra.

BELL, Presiding Judge. 1. The petition does not show that Leonard R. Wood and Joan C. Wood were husband and wife. Defendants' first contention is thus based upon matter dehors the record. Except for matters of which the court may take judicial notice (*Genesco, Inc. v. Greeson,* 105 Ga. App. 798, 800 (125 SE2d 786), a court in passing on a general demurrer to a pleading, cannot consider aliunde matter not appearing in the pleading. *Seibels v. Hodges,* 65 Ga. 245, 247 (3); *Pollard v. Blalock,* 147 Ga. 406 (3) (94 SE 226); *Crowley v. Calhoun,* 161 Ga. 354 (2) (130 SE 563); *Sims v. Etheridge,* 169 Ga. 400 (2) (150 SE 647); *Kinney v. Crow,* 186 Ga. 851, 857 (199 SE 198); *Rawleigh Co. v. Etheridge,* 37 Ga. App. 554, 557 (140 SE 913); *Bowman v. Davis,* 51 Ga. App. 478, 480 (6) (180 SE 917).

2. In their second contention defendants argue that the assignment of the claim to plaintiff fails to show that the assignor is a legal entity; and that the plaintiff corporation "can stand in no better position than its transferor." The assignment of the claim, a copy of which is annexed to the petition as an exhibit, shows that it was executed by one member of a named "firm" composed of several medical doctors, on behalf of the firm. In

204

common acceptation the word "firm" is synonymous with "partnership." Thomas-Bonner Co. v. Hooven, Owens & Rentschler Co., 284 F. 377, 380 (S.D. Ohio); Gustafson v. Taber, 125 Mont. 225 (234 P2d 471); Bufton v. Hoseley, 236 Ore. 12 (386 P2d 471). Any member of a partnership may in its behalf transfer in writing choses in action belonging to the firm. *White-hurst & Hilliard v. Brice & Co.*, 14 Ga. App. 209, 213 (80 SE 670). The assignment to the corporation, the plaintiff in this case, being valid, there is no merit in the defendants' contention that the plaintiff is not a real party at interest.

The trial court properly overruled defendants' general demurrer to plaintiff's petition.

*Judgment affirmed. Frankum and Hall, JJ., concur.*