## 42358.  LIBERTY LOAN CORPORATION OF LAKEWOOD v. LEFTWICH.

SUBMITTED OCTOBER 5, 1966—DECIDED JANUARY 20, 1967—REHEARING DENIED JANUARY 31, 1967

*Charles D. Wheeler,* for appellant.

*Haas, Holland, Freeman, Levison & Gibert, Richard C. Freeman,* for appellee.

BELL, Presiding Judge. 1. There is a privity of estate between the grantor of an estate for years and the assignee of the original grantee, and the original grantor may hold the assignee liable upon covenants running with the land, such as payment of the stipulated rental, while the estate remains vested in the assignee; but this principle is not applicable where a lease grants a usufruct and not an estate for years. See *Dunlap v. George,* 48 Ga. App. 341 (1) (172 SE 657). As the lease in this case granted simply the right to possess and enjoy the use of the real estate, although for a term of more than five years, it granted a mere usufruct. *Code* § 61-101; *Southern Airways Co. v. DeKalb County,* 216 Ga. 358 (116 SE2d 602).

2. "In order for the relation of landlord and tenant to exist between the owner of the property and a subtenant, some affirmative action must be had by the landlord showing that he elected to treat the subtenant as his tenant. It is not sufficient that the landlord has knowledge and makes no objection. . .

As there is no privity of contract between the landlord and the subtenant in the first instance, the former has no claim upon the latter for rent unless he elects to accept him as his immediate tenant." *Hudson v. Stewart,* 110 Ga. 37, 39 (35 SE 178). The landlord's mere failure to object and his acceptance of payment of the rent from the subtenant, without more, are not together sufficient to constitute an election by the landlord to accept the subtenant as his immediate tenant. *Cuesta v. Goldsmith,* 1 Ga. App. 48, 51 (57 SE 983); *Americus Mfg. &c. Co. v. Hightower,* 3 Ga. App. 65, 67 (59 SE 309); *Hooks v. Bailey,* 5 Ga. App. 211, 214 (62 SE 1054); *Schachter v. J. T. Tuggle Co.,* 8 Ga. App. 561 (70 SE 93); *Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* 37 Ga. App. 210 (1) (139 SE 357); *Cann v. Macon Academy Music Co.,* 38 Ga. App. 4, 13 (142 SE 203); *Braswell v. Shurling,* 87 Ga. App. 774, 777 (75 SE2d 213). If the landlord brings an action for the recovery of the stipulated rent against the subtenant, this would be an election to proceed against the subtenant as the landlord's own tenant, but not where the subtenant no longer occupied the premises. See *Hudson v. Stewart,* 110 Ga. 37, supra. The defendant had vacated the premises before plaintiff brought this action and the relation of landlord and tenant never existed between them. There being neither privity of estate nor privity of contract between plaintiff and defendant in this case, count one of the petition stated no cause of action for recovery of the rent remaining due under the original lease agreement. The trial court erred in overruling defendant's general demurrer.

3. As the trial court granted defendant's motion for nonsuit as to count two of the petition, the remaining enumerations of error are moot.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

ON MOTION FOR REHEARING.

Plaintiff contends that any deficiencies rendering the petition subject to general demurrer were cured on trial of the case by the admission of evidence unobjected to, the effect of which was to amend the petition. In this argument plaintiff relies upon the authority of *Insurance Co. of St. Louis v. Bray,* 105 Ga. App. 675, 676 (1) (125 SE2d 691), where it was ruled: "The

petition thus was in effect amended by the evidence under the principles announced in *Napier v. Strong,* 19 Ga. App. 401, 404 (2) et seq. (91 SE 579). . . It follows that there was no harmful or reversible error in overruling the general demurrer to the petition." This ruling in the *Bray* case, is patently erroneous and conflicts with numerous prior decisions of this court and the Supreme Court and will not be followed. "Except for matters of which the court may take judicial notice (*Genesco, Inc. v. Greeson,* 105 Ga. App. 798, 800 (125 SE2d 786)), a court in passing on a general demurrer to a pleading, cannot consider aliunde matter not appearing in the pleading." *Wood v. Universal Creditors Assn., Inc.,* 112 Ga. App. 203 (144 SE2d 462). See also *Seibels v. Hodges,* 65 Ga. 245, 247 (3); *Pollard v. Blalock,* 147 Ga. 406 (3) (94 SE 226); *Crowley v. Calhoun,* 161 Ga. 354 (2) (130 SE 563); *Sims v. Etheridge,* 169 Ga. 400 (2) (150 SE 647); *Kinney v. Crow,* 186 Ga. 851, 857 (199 SE 198); *Rawleigh Co. v. Etheridge,* 37 Ga. App. 554, 557 (140 SE 913); *Bowman v. Davis,* 51 Ga. App. 478, 480 (6) (180 SE 917); *Reeves v. South America Managers,* 110 Ga. App. 49, 51 (137 SE2d 700). In reviewing the overruling of a general demurrer, this court cannot consider evidence adduced upon trial of the case. *Southern Cotton Oil Co. v. Merchants &c. Bank,* 179 Ga. 556 (1) (176 SE 392); *Pope v. Barnett,* 50 Ga. App. 199 (1a) (177 SE 358); *Gay v. Sylvania Central R. Co.,* 79 Ga. App. 362, 367 (53 SE2d 713).

*Motion denied.*