## 43212. LEFTWICH v. LIBERTY LOAN CORPORATION OF LAKEWOOD.

BELL, Presiding Judge. For the background of this case see *Liberty Loan Corp. v. Leftwich,* 115 Ga. App. 113 (153 SE2d 596). There this court reversed the trial court's judgment overruling the general demurrer to Count 1 of the petition. After the return of the remittitur to the trial court but before the entry of judgment conforming with the remittitur, plaintiff filed an amendment recasting the petition. With reference to the allegations considered on the former appearance of the case, Count 1 of the recast petition showed the following additional or different facts: On June 1, 1962, Washington Finance Corporation sold all its assets to defendant and ceased to do business on the premises, and defendant took possession of the premises under the lease. Two weeks later, defendant's agent advised plaintiff that defendant wished to remain on the premises as a tenant at will. Plaintiff would not agree to a tenancy at will and informed the agent "that defendant would be bound by the terms and conditions of the original lease." Defendant remained on the premises and paid plaintiff the monthly rental, which plaintiff accepted, through November, 1962. On November 3, 1962, defendant notified plaintiff that it would vacate the premises on December 1. Plaintiff then notified defendant that "defendant was occupying plaintiff's premises under the original lease" and that plaintiff "expected . . . monthly rental payments . . . as specified in the lease agreement." *Held:*

Where a lessee of real estate having only a usufruct undertakes to sublet the premises or to assign the lease to another, the landlord, by affirmative action, may elect to treat the sublessee or assignee occupying the premises, as his immediate tenant. *Hudson v. Stewart,* 110 Ga. 37, 39 (35 SE 178);

*McDonald v. Bell,* 23 Ga. App. 562 (1) (99 SE 54). With respect to an assignee, the effect of the election is to establish a privity of contract between the landlord and the assignee so as to render the latter liable to the landlord as tenant under the terms of the original lease. *Lawson v. Haygood,* 202 Ga. 501 (1) (43 SE2d 649). Count 1 of the recast petition, alleging repeated express notice to defendant, showed affirmative action by plaintiff sufficient to constitute an election to make defendant plaintiff's immediate tenant and thus to render defendant liable for all subsequent rent payments accruing as specified in the lease contract. *Lawson v. Haygood,* 202 Ga. 501 (2), supra. See also: *Mendel v. Barrett & Son,* 32 Ga. App. 581 (1, 2) (124 SE 107); *Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* 37 Ga. App. 210 (1) (139 SE 357); *Kaufman Bros. & Co. v. Pappas,* 45 Ga. App. 479 (165 SE 326).

Count 2 of the recast petition failed to state a cause of action for the reasons discussed in *Liberty Loan Corp. v. Leftwich,* 115 Ga. App. 113, supra, but as to Count 1, the amendment was sufficient to cure the defect pointed out in that opinion. The trial court erred in sustaining defendant's objection to the amendment and motion to dismiss the petition.

*Judgment reversed. Pannell and Whitman, JJ., concur.*
SUBMITTED NOVEMBER 8, 1967—DECIDED DECEMBER 5, 1967.

*Haas, Holland, Freeman, Levison & Gibert, Richard C. Freeman,* for appellant.

*Charles D. Wheeler,* for appellee.