49558. VLAHOS et al. v. DeLONG.

PANNELL, Presiding Judge.

On March 31, 1972, appellee entered into a lease agreement with one Frank Alessi for certain premises in Atlanta, Georgia. The same date a "landlord's assent to sublease" was executed by appellee as landlord, by Mr. Alessi as *tenant* under the lease agreement, and by Mr. Vlahos individually and as president of Lira, Inc., as subtenants. In due course, appellee brought a dispossessory

action against Alessi and against Mr. Vlahos and Lira, Inc., alleging rents due in the amount of $1,500. Answering, appellants, supra, denied inter alia, a failure to pay rent due, that they were holding over the premises and, that appellee had demanded possession. Appellant's answer was accompanied by five counterclaims seeking damages in excess of $42,000 and $20,000 in punitive damages. At the trial on March 25, 1974, appellee orally moved to dismiss and strike the answer and each counterclaim. Following argument, the trial court sustained the motions and rendered judgment against Alessi, who was in default, for the rent due and ordered a Writ of Possession. Appellants' oral motion for a new trial was denied and this appeal followed. Appellee then filed a motion to dismiss the appeal to which appellant responded. The latter motion will be discussed first. *Held:*

1. The first ground of appellee's motion to dismiss the appeal urges that we lack jurisdiction "because of the failure of the appellants to appeal to the Appellate Division of the Civil Court of Fulton County, as required by the Act of March 10, 1933 (Ga. L. 1933, p. 290, et seq.)." That Act requires that "in all cases wherein the amount involved, exclusive of interest, attorneys fees and costs is less than $300, an appeal shall lie from the order overruling or refusing the motion for a new trial, or the final order of judgment of the trial judge as the case may be to the Appellate Division of said court." Under our former Code sections relating to dispossession of a tenant for nonpayment of rent, which provided that the tenant should give a bond for double rent in order to contest the dispossession (former Code § 61-303), it was held that the amount of recovery of double rent was not an "amount involved" within the meaning of the statute relating to the appeals in the Civil Court of Fulton County above mentioned. *Healey Real Estate & Improvement Co. v. Wilson,* 74 Ga. App. 63 (38 SE2d 747). The Act of 1970 (Ga. L. 1970, p. 968 et seq.) repealed the old and re-enacted new Code §§ 61-302 through 61-306. In so doing, it did away with the payment of double rent by the tenant and the giving of the bond, and substituted in lieu thereof, the deposit of rent by the tenant in the registry of the court. Under the old law, if a landlord won, he got a judgment

for double rent; under the new law he gets a judgment for the rent. We see no substantial difference between the two, as far as an "amount involved" is concerned, and under neither the old nor new law does the amount of rents in a dispossessory proceeding control the appellate procedure. Further, under the new law, a tenant may file a counterclaim and in the present case we have a counterclaim far in excess of the $300, under which an appeal to the Appellate Division of the Civil Court of Fulton County would be required by the Act of 1933, above cited. The direct appeal to this court was proper.

New Code § 61-306 provides that "Any judgment by the trial court shall be appealable pursuant to Title 6 of the Georgia Code Annotated." Whether this enactment would remove even the $300 limitation, under the rule that a general law takes precedence over a special law, it is not necessary to decide in the present case.

2. The second ground of the motion to dismiss the appeal is that the issue of possession of the premises has become moot because of appellants' voluntary surrender of the premises. In support of the motion was a letter addressed to DeLong, dated May 18, 1974, to the effect appellants were delivering possession of the leased premises; all their possessions and property had been removed, and a receipt for air conditioning units purchased by appellee was included therein. Also, an affidavit executed by Mr. Alessi to the effect that his co-defendants turned the keys to the premises over to him and Mr. Vlahos announced that he was giving up the business and possession of the property and affiant turned the keys over to DeLong. Having surrendered the premises in writing and by tendering the acceptance of the keys, the landlord was entitled to possession and the question of who is entitled to possession is now moot. Other grounds of the motion to dismiss assert other alleged reasons as to why the question of right of possession is moot. That the right of possession has become a moot question does not require a dismissal of the appeal inasmuch as questions remain relating to the counterclaims which must be passed upon.

3. The lease entered into on March 31, 1972 by Mr. Alessi and Mr. DeLong, the appellees herein, contains

under "Definitions" the following: " 'Tenant' shall include second party, his heirs and representatives, and if this lease shall be validly assigned or sublet, shall include also tenant assignees or sublessees, as to the premises covered by such assignment or sublessee." On that same date, a "Landlord's Assent to Sublease" also was executed by appellants, appellee and Mr. Alessi whereby it was agreed that the premises covered by the said lease contract could be sublet to Mr. Alessi with the proviso that Mr. Alessi was not released from any of the terms of said lease but should "remain responsible for each and every provision of said original lease aforesaid (sic)." Notably, the language does not provide for his sole or exclusive responsibility. We, therefore, construe its inclusion as a precautionary measure to preclude any misunderstanding as to Mr. Alessi's continued role as a tenant based on the original lease and in accordance with the "definition", id., whereby appellants became tenants. Privity of contract between appellants and appellee clearly exists in the instant case. Appellee's reliance on *Strickland Bros. v. Stiles,* 107 Ga. 308 (33 SE 85); *Boyd v. Kinzy,* 127 Ga. 358 (2) (56 SE 420); *Hudson v. Stewart,* 110 Ga. 37 (35 SE 178); and *Liberty Loan Corp. of Lakewood v. Leftwich,* 115 Ga. App. 113 (153 SE2d 596), holding that where there is no privity between sublessee and the prime landlord there is no right to recover against the prime landlord for breach of the prime lease exists in sublessee, is misplaced. In those cases the tenants, without consent of the landlord, subleased to others. Thus, there was no privity of contract between the landlord and the subtenants. The contrary being true in the present case, together with the express provisions of the lease making sublessees a tenant thereunder, the appellants here could look to the prime landlord for any damages occasioned by the failure to perform his duties of repair and maintenance under the prime lease. They were not bound as sublessees to seek recourse from Alessi, the sublessor and tenant of the original lease. The court erred in sustaining appellee's motion to dismiss the counterclaims upon the grounds argued.

The answer and counterclaims were attacked by an oral "motion to strike and dismiss the answer and each

counterclaim of sublessees" which was sustained. This motion failed to reach the prayer for punitive damages, by amendment added to counterclaim No. 5, which counterclaim also sought $2,240 for water damage to personal property and $40,000 for loss of business; and we, therefore, do not decide whether punitive damages are recoverable or not.

4. The answer being based upon the claim that no rent was due and unpaid because of the debt owed sublessee as alleged in the counterclaim, and we having held the counterclaims were not subject to dismissal, it follows that neither is the answer.

The trial court erred in dismissing the answer on oral motion.

*Judgment reversed. Evans and Webb, JJ., concur.*

ARGUED JULY 9, 1974 — DECIDED SEPTEMBER 25, 1974.

*Hicks, Huddleston & Medori, H. Martin Huddleston,* for appellants.

*Long & Siefferman, Calhoun A. Long,* for appellee.

