ON REHEARING.
Luke, J.
It is true, as stated in the motion for a rehearing, *482 that the undisputed evidence showed that after the original tenant had assigned its lease to Kaufman Brothers & Co., the landlord continued to hold, hypothecate, and collect negotiable rent notes theretofore executed by the original tenant and delivered by it to the landlord. (However, after such assignment, the landlord did not at any time, by any means whatsoever, call upon the original tenant to pay rent or to pay a note, and did not make any collection whatever from the original tenant.) While that evidence may “strongly indicate” that the landlord did not intend to release the original tenant from liability (Hooks v. Bailey, 5 Ga. App. 211, 214, 62 S. E. 1054), it is not conclusive on that question. If other evidence disclosed that the landlord, by some affirmative action, had elected to treat the subtenant as his tenant, then the original tenant was thereby released from liability, notwithstanding the fact that the landlord continued to hold, hypothecate, and collect the notes given him by the original tenant. The controlling question in the case is: Did the landlord, during the life of the lease, elect, by some affirmative action, to make the subtenant his tenant ? It is well settled that the landlord could not elect to treat the subtenant as his tenant without releasing the original tenant from liability. However, “a contract of substitution [of tenants] may be created, as any other similar contract, by a mutual course of conduct indicating consent, as well as by express words. What course of conduct or what acts are sufficient to cause such contract to be implied is generally for the jury.” Cuesta v. Goldsmith, 1 Ga. App. 48, 55 (57 S. E. 983).
In our opinion, the evidence discloses that the landlord had taken an affirmative action which showed that he had elected to ’make the subtenant his tenant. The evidence, together with the legal inferences arising therefrom, authorized the judge (sitting without the intervention of a jury) to find that during the life of the lease, and while the subtenant was in possession of the premises, an agent for the subtenant, and acting therefor, verbally requested the landlord to release the subtenant from future rents and offered to pay him $1300 for such a release, and that the landlord promptly refused to grant such a release, and stated in substance that he would look to the subtenant to pay the specified rents. In all events, this and other evidence raised an issue of fact upon the controlling question in the case, and the trial judge did not err in rendering judgment in favor of the landlord.

*483
Judgment adhered to.

Broyles, 0. J., and Hooper, J., concur. .